JOHN WILLIAMS v. STATE.

No. A-5609.   Opinion Filed May 29, 1926.
(246 Pac. 895.)

E. I. O'Reilly, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error, John Williams, was convicted on an information charging that he did have

in his possession three quarts and one pint of whisky, with the unlawful intention of selling the same, and in accordance with the verdict of the jury was sentenced to pay a fine of $50 and be confined in the county jail for 30 days. From the judgment he appeals, and assigns as error the overruling of his motion to exclude from the consideration of the jury certain evidence obtained by an unlawful search of his home and of his person, and that the evidence is clearly insufficient to sustain the conviction.

To understand the errors assigned, it is necessary to refer to the evidence. The state introduced three witnesses.

Erve A. Kelley, sheriff, testified that with two deputies he visited defendant's place under authority of a search warrant, and found a jar of whisky in a stove in the house, and found a bottle of whisky in the barn and a new one-gallon keg and a funnel. Over defendant's specific objection he testified that he searched defendant's person and found a bottle of whisky in his pocket.

The testimony of J. T. Ayers, deputy sheriff, was substantially the same as that given by the sheriff.

J. M. Rushing, deputy sheriff, testified that he made the affidavit upon which the search warrant was issued, and assisted the sheriff in executing the same, and identified the same, and the search warrant and return thereon, and the same were marked "Exhibits A and B" and introduced in evidence.

The affidavit, omitting formal parts, reads:

"J. M. Rushing, being first duly sworn, deposes and says: That one John Williams has in his possession and stored away on his premises, intoxicating liquor and a still for the manufacture of intoxicating liquors, mash

for the purpose of making intoxicating liquors, and the same are being manufactured, sold, bartered, given away, and otherwise furnished, or being kept and possessed and used in violation of the prohibitory liquor laws of the state of Oklahoma. That the place where said liquor still, mash, and parts of still are being kept and possessed is described as follows: The residence and lands occupied by said defendant as his place of abode, one mile west, one mile north, one mile west, and one-fourth mile north of the city of Eufaula, Okla. That the aforesaid premises is a place where the public resort. That persons frequent said premises at all hours of the day and night. That the aforesaid premises bears the reputation of being a place where intoxicating liquors may be purchased in violation of the statutes of the state of Oklahoma. That the aforesaid defendant bears the reputation of being a person from whom intoxicating liquors may be purchased in violation of the laws of the state of Oklahoma. That the aforesaid premises further bears the reputation of being a place where intoxicating liquors are distilled and manufactured in violation of the statutes of the state of Oklahoma. Wherefore affiant prays and asks that a search warrant be issued according to law."

The recitals of the search warrant are substantially the same as the affidavit.

The court sustained the state's objections to the cross-examination of the witness Rushing with reference to the sworn charges which by him had been made therein against defendant. Thereupon defendant moved to exclude all of the evidence, including the affidavit and search warrant, which motion was overruled.

In our opinion the court erred in admitting in evidence the affidavit and search warrant issued thereon, and the motion to have them stricken out should have been sustained. The allegations of the affidavit tended to establish facts very material as against defendant, and attacked his character.

In Nelson v. State, 53 Neb. 790, 74 N. W. 279, the Supreme Court of Nebraska held that:

"As the recitations of the warrant and return were with reference to the essence of the crime for the commission of which the accused was being tried, the admission of the warrant and return as independent evidence was prejudicially erroneous."

It is also urged that the admission of the bottle of whisky secured by searching defendant's person was prejudicial error, and in violation of the constitutional protection against self-incrimination.

In Keith v. State, 30 Okla Cr. 168, 235 P. 631, we held:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

And further held that:

"Where a bottle, later found to contain intoxicating liquor, was taken from the person of defendant forcibly and against his will, and without a search warrant for his person, or a warrant for his arrest, this constituted an unlawful and therefore an unreasonable search and seizure under section 30, art. 2, of the state Constitution."

We conclude, therefore, that, in admitting in evidence the bottle of whisky found on defendant's person, the court erred. This conclusion renders it unnecessary to consider the other questions in the case.

The judgment is reversed.

BESSEY, P. J., and EDWARDS, J., concur.