## C. J. HARRIS v. STATE.

No. A-5953.    Opinion Filed Jan. 14, 1928.
(262 Pac. 700.)

C. F. Gowdy, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as defendant, was charged in the county court of Nowata county with the crime of unlawful possession of intoxicating liquor, and upon trial was convicted and sentenced to serve 30 days in jail and to pay a fine of $50 and costs. Motion for new trial filed and overruled, and exceptions saved. From the judgment and sentence, the defendant has appealed to this court.

The defendant has assigned several errors; first, second, and third assignment of errors being as follows:

"(1) The verdict is contrary to law.

"(2) The verdict is contrary to the law and evidence.

"(3) The court erred in overruling plaintiff in error's demurrer to the state's evidence, and in refusing to instruct the jury to return a verdict of not guilty."

These three assignments may be considered under one head, as each relate to the sufficiency of the evidence to sustain a conviction. There is no positive testimony in this case that the defendant ever had actual or constructive possession of the whisky alleged to have been found. The testimony of the state is purely circumstantial. The defendant had not been seen in or near the building where the whisky was found for several days. Neither of the state's witnesses claim to have seen the defendant anywhere near the little building in which they claim to have found the whisky.

Defendant's testimony is positive that he did not own the whisky, knew nothing about it being where it was alleged to have been found, and did not have possession of the building at the time it was alleged the whisky was found; that he had been working in a different part of town, and had been for several days prior to the alleged raid.

This court, in Harrell v. State, 33 Okla. Cr. 364, 244 P. 457, in passing upon a similar question to the one in this record, makes the following statement:

"In a prosecution for unlawful possession of intoxicating liquors, where no positive testimony tending to show such possession was offered, and the only evidence offered to show possession was purely circumstantial, and did not show actual or constructive possession; * * * held, evidence insufficient to sustain conviction."

This court has repeatedly held that it would not disturb the verdict of a jury where there was any competent evidence to support the finding of the jury, and even though the evidence was conflicting. Where the evidence is purely circumstantial, as in this case, the facts proven must be such as to exclude every reasonable hypothesis other than the guilt of the defendant of the offense charged in order to sustain the conviction. The evidence in this case does not meet this requirement. We hold that it would have been the proper exercise of the power vested in the trial court to have advised an acquittal of the defendant, on the ground that the evidence was insufficient to connect him with the offense charged. The demurrer of the defendant to the evidence of the state was well taken, and should have been sustained.

The defendant, in his fourth assignment of error, complained of the action of the trial court in permitting the county attorney to call in question the character of the defendant, where the defendant had not put his character in issue. On page 16, case-made we find where a Mr. Pace, a witness for the state, was asked by the county attorney if he knew the defendant in South Coffeyville "on or about the time you was called up there," and then, "Do you know his reputation at that time as running a place where one could procure liquor?" The defendant objected to the question, and his objection was overruled by the court, and the witness answered, "No, sir. I did not know only what I heard." "Well, his reputation, that is

what I am asking for." Again the defendant objected and was overr.uled by the court. The witness answered, "I had just heard he was running a place up there."

It has been repeatedly held by this court that the character or reputation of the accused cannot be put in issue by offering testimony as to his bad character, unless the defendant first offers evidence as to his good character, then the prosecution may rebut it by evidence of bad character. If the law permitted the introduction of evidence as to the other crimes committed by the defendant, other than the one for which he is on trial, or would permit the state to offer testimony of his general bad character as original evidence against him, it would result in a confusion of the issues before the jury.

No one will contend that the bad character of the defendant is original evidence against him when he is put upon trial for any violation of the penal laws. We think the rule is universal that the state cannot prove the bad character of the accused until he has put his good character in issue.

The objection of the defendant should have been sustained, and the action of the court in permitting the witness to answer was unfair to the defendant and prejudicial to his rights.

There are other errors assigned and argued by the defendant, but in the view we take of the record we do not deem it necessary to consider them.

For the reasons hereinabove stated, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.