CHARLIE (C. D.) WEEKS v. STATE.

No. A-6489.  Opinion Filed Oct. 6, 1928.
(270 Pac. 858.)

G. V. Pardue, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, Charlie

D. Weeks, hereinafter called the defendant, was convicted on an information charging that he did have in his possession 15 gallons of corn whisky, with the unlawful intent of selling the same, and was sentenced to pay a fine of $50 and be imprisoned in the county jail for 30 days. From the judgment he appeals, and assgns as error:

"First. That the court erred in refusing to grant the plaintiff herein a new trial, and in overruling the plaintiff's motion for a new trial."

To understand the first error assigned it is necessary to refer to the evidence. The state introduced two witnesses—W. W. Holder, testifying that he lived in Wilson; that he was city constable; that he knew Charlie Weeks; that he went to the defendant's place on the 14th day of March, 1926; that Jess Salyers accompanied him. Witness identified the paper marked "Exhibit A" as being the search warrant complaint, and stated that it described accurately the place to be searched. Witness also identified State Exhibit B, and stated it was the search warrant he had when he searched the defendant's home. Witness stated the search warrant was delivered to him upon the making of the affidavit. Witness testified they found about 15 gallons of whisky in defendant's house, Jess Salyers testified, in substance, to the same facts as did the witness Holder.

The state offered in evidence the affidavit for the search warrant and the search warrant, which had been marked "State's Exhibits A and B," and defendant objected to the introduction of the same, which objection of the defendant was overruled, and defendant duly excepted. The affidavit, omitting the formal part, reads:

"W. W. Holder, of lawful age, being duly sworn,

on oath, deposes and says: That in Carter county, state of Oklahoma, on the 14th day of March, 1926, the above-named defendant Charlie Weeks at number ——— street, in a certain building described as follows: A one story building, about 400 yards south of the Nyanza Refinery & about 1 mile south of Wilson in Carter county, did, then and there unlawfully have in their possession and under their control, and do now keep for the purpose of selling, bartering, giving away and otherwise furnishing certain intoxicating liquors, described as follows, to wit: Whisky, beer and wine, and other compounds, the same being intoxicating, and which are capable of being used as a beverage, in violation of law, contrary to the form of the statutes in such cases made and provided against the peace and dignity of the state of Oklahoma.

"That the aforesaid premises is a warehouse and storage room, and under the supervision and control of said defendant.

"That the aforesaid premises is a business establishment operated under the supervision and control of said defendant.

"That the aforesaid premises is a place where the public resort.

"That persons frequent said premises at all hours of the day and nighttime.

"That persons have been seen to come from within and upon said premises with the odor of intoxicating liquor upon their breath, and in an intoxicated condition.

"That the aforesaid premises bears the reputation of being a place where intoxicating liquors may be purchased in violation of the statutes of Oklahoma.

"That the aforesaid defendant bears the reputation of being a person from whom intoxicating liquors may be purchased in violation of the statutes of Oklahoma.

"That lawful search has heretofore been made

of the premises under the control of said defendant and intoxicating liquor found, possession of the same being in violation of the statutes of Oklahoma.

"That the aforesaid premises further bears the reputation of being a place where intoxicating liquors are distilled and manufactured in violation of the statutes of Oklahoma.

"That the aforesaid premises is a place for the storage of intoxicating liquors in violation of the statutes of Oklahoma.

"That said defendants, or either of. them, not being duly appointed, qualified and acting superintendent of the state dispensary, or local dispensary, as provided by law."

The recitals of the search warrant, which is marked as "State Exhibit B" are substantially the same as the affidavit. The allegations of the affidavit tend to establish facts very material as against the defendant, and put in issue the defendant's character. Williams v. State, 34 Okla. Cr. 359, 246 P. 895.

We hold that in admitting the affidavit for the search warrant and the search warrant the court erred. The view we take of this record makes it unnecessary to consider the other questions in the case.

The case is reversed.

DOYLE, P. J., and EDWARDS, J., concur.