## J. A. FORD v. STATE.

No. A-6857.  Opinion Filed Nov. 8, 1929.
(282 Pac. 370.)

John E. Luttrell and Hardin Ballard, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.  The plaintiff in error hereinafter called defendant, was convicted in the county court of Cleveland county on a charge of having possession of in-

toxicating liquor, and his punishment fixed at a fine of $100 and to be confined in the county jail for 30 days.

In the trial of the case the state offered in evidence the affidavit upon which the search warrant was obtained, to which the defendant made the following objection:

"By Mr. Luttrell: Comes now the defendant, the County Attorney having read to the jury over the objections of the defendant the affidavit for search warrant, and moves the court to instruct the jury that the statements and contents of the affidavit for the search warrant are not proper for their consideration in the trial of this case.

"By the Court: Overruled. Exception allowed."

This court has repeatedly held that it is error for the state to read the affidavit for the search warrant and the warrant to the jury as primary evidence. Williams v. State, 34 Okla. Cr. 359, 246 Pac. 895; Weeks v. State, 41 Okla. Cr. 95, 270 Pac. 858.

The proper procedure is for the defendant to file a motion to suppress the evidence or object to the introduction of evidence at the time the same is offered, upon the ground that there was no affidavit or search warrant, or that the affidavit or the search warrant is illegal or insufficient. The court then should hear the objections out of the presence and hearing of the jury. The burden rests upon the defendant, where he attacks the sufficiency of the affidavit for the search warrant, to exhibit the same to the court in support of his objections, and the court upon an examination of the affidavit and the warrant must summarily determine the sufficiency of the affidavit and the warrant and the admissibility of the evidence. The presumption of law is that the affidavit and the warrant are sufficient and the search and seizure legal. If

the defendant desires to attack the affidavit or the warrant he should subpoena the magistrate issuing the same to appear and produce the affidavit and warrant upon which the search was made. If they cannot be produced, defendant may offer secondary evidence of their contents.

Where the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused, after the warrant has been executed, to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information or the means by which it was obtained. Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785.

To permit the state to read the ex parte affidavit for the search warrant to the jury as primary evidence is to deprive the defendant of his constitutional right to be confronted by the witnesses against him. Where the state reads such affidavit to the jury, over the objections of the defendant, the cause will be reversed.

For the reasons stated the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.