ROBERT WHITEHEAD v. STATE.

No. A-7322.  Opinion Filed April 26, 1930.
Rehearing Denied May 17, 1930.
(287 Pac. 808.)

C. H. Glazner, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of McIntosh county on a charge of having possession of choctaw beer and his punishment fixed at a fine of $150 and confinement in the county jail for a period of thirty days.

During the progress of the trial, the state called T. H. Waddle, who identified the affidavit which he had made to procure the search warrant. The state then called A. R. Kirkpatrick, who identified the search warrant and the return thereon under which witness had searched the premises. The witness Waddle was then asked to testify as to what they found under the search. The defendant objected because the search and seizure was illegal and void, and made in violation of law and the defendant's constitutional rights. Thereupon the jury was excused and the matter presented to the court. In his brief the de-

fendant says: "In this case there is no search warrant of any kind whatever, introduced in the records of this case, and no proper showing has been made that the officers making the search had any authority whatsoever to search the residence of Robert Whitehead, the county attorney had recorded as Exhibits A. and B., a purported affidavit for search warrant and a purported search warrant, but such search warrant was not introduced in evidence and no showing was made that any valid warrant of any description had ever been issued, or had ever been served on this defendant, Robert Whitehead, at the time his place was searched, he was not at home, therefore could not waive any facts in the search warrant that may have been had, and no search warrant having been introduced in evidence in this case should have been quashed upon the timely objections of this plaintiff in error."

In the case of Reutlinger v. State, 43 Okla. Cr. 261, 277 Pac. 950, this court said:

"Where a motion is filed to suppress the evidence secured by the service of a search warrant, the burden rests on the defendant to establish the insufficiency of the affidavit and the illegality of the search and seizure. The presumption of law is that the affidavit for the search warrant was sufficient and the search made under the warrant legal."

In the case of Weeks v. State, 41 Okla. Cr. 95, 270 Pac. 858, this court laid down the rule that it was reversible error for the state to introduce the affidavit and warrant as evidence. In the case of Ford v. State, 45 Okla. Cr. 161, 282 Pac. 370, this court laid down the procedure for the defendant to pursue in making his record to present the issue of the sufficiency of the affidavit and search warrant for this court. The presumption of law is that the affidavit and warrant were sufficient and the service of

the warrant legal. The burden is upon the defendant to establish the insufficiency of the affidavit and the illegality of the warrant or the service thereof.

The defendant next contends that the evidence is insufficient to support the verdict of the jury. The evidence of the state was that in the search of defendant's premises they found four and one-half gallons of choctaw beer. After qualifying, the witnesses testified that this beer was in fact intoxicating. Under the allegations of the information, the state must prove either that the choctaw beer was in fact intoxicating or that it contained more than one-half of 1 per cent. alcohol measured by volume, and was capable of being used as a beverage. The evidence being sufficient to support the verdict, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.