## J. C. CAIN v. STATE.

No. A-2551.   Opinion Filed March 28, 1931.
(297 Pac. 316.)

Cress & S. Clair and J. W. Culwell, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was charged by information that he did willfully, knowingly, and feloniously

keep and maintain a place on lots 8 and 9, in block 42, of the town of Forgan, Okla., where malt, spirituous, vinous, and fermented liquors, and imitations and substitutes therefor, were kept for the purpose of sale, bartering, giving away, and otherwise furnishing to others, was tried and convicted, and his punishment fixed at a fine of $100 and confinement in the county jail for 40 days, from which judgment the defendant appeals.

The state offered testimony tending to show that the defendant had been selling intoxicating liquor, and, over the objection of the defendant, it offered in evidence the search warrant that had been issued by the magistrate to search the premises of the defendant. The defendant denied he had anything to do with selling any whisky, and that he had knowledge that whisky was kept or possessed on his premises.

Several errors are assigned by the defendant, but the only error that it is deemed necessary to consider is assignment No. 8, which reads as follows:

"The court erred in admitting incompetent, irrelevant and immaterial evidence which was prejudicial to the defendant."

The statements in the search warrant tend to establish facts very material against the defendant. In admitting the search warrant the court erred. Williams v. State, 34 Okla. Cr. 359, 246 Pac. 895; Weeks v. State, 41 Okla. Cr. 95, 270 Pac. 858; Ford v. State, 45 Okla. Cr. 161, 282 Pac. 370.

The view we take of this record makes it unnecessary to consider the other questions in the case.

For the reasons stated, the case is reversed.

CHAPPELL and EDWARDS, JJ., concur.