CAREY PARKER v. STATE.

No. A-7892.    Opinion Filed April 25, 1931.
(298 Pac. 627.)

Jesse J. Todd and Percy Powers, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Greer county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $250 and imprisonment in the county jail for a period of 30 days.

Defendant complains of numerous errors, but it will only be necessary to consider one of them to dispose of the case.

The record discloses that the county attorney, over the objection of the defendant, and with the consent of the court, introduced in evidence the affidavit and search warrant used to obtain the evidence upon which the conviction was had.   This case was tried on the 10th day of June, 1929.

On the 29th day of May, 1926, in the case of Williams v. State, 34 Okla. Cr. 359, 246 Pac. 895, this court held that it was reversible error to introduce such evidence over the objection of the defendant.

On October 6, 1928, in Weeks v. State, 41 Okla. Cr. 95, 270 Pac. 858, this court followed the rule laid down in Williams v. State, supra.

On October 8, 1928, in the case of Ford v. State, 45 Okla. Cr. 161, 282 Pac. 370, this court held that the introduction of such affidavit deprived the defendant of his constitutional right to be confronted by the witnesses.

This court has uniformly held that evidence of this character is inadmissible. There is no excuse for county attorneys making this mistake, nor is there any excuse for trial judges overruling objections to the admission of this character of evidence.

In Ford v. State, supra, this court laid down specific directions to courts and county attorneys with reference to the method of handling objections to the sufficiency of affidavits and search warrants. If the officers refuse to follow these authorities, this court must reverse the cases and send them back for trial according to law.

For the reasons stated, the cause is reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.