## C. T. HOLLINGSWORTH et al. v. STATE.

No. A-8257.   Feb. 19, 1932.
Rehearing Denied April 23, 1932.

(10 Pac. [2d] 458.)

C. T. Lane and Glasco & Ballard, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiffs in error, C. T. Hollingsworth, Ed Hollingsworth, and J. B. Hollingsworth, hereinafter referred to as the defendants, were convicted of maintaining a public nuisance, and each sentenced to pay a fine of $250 and to be imprisoned in the county jail for 60 days, and appeal.

After a careful examination of the record, it is not deemed necessary to set out the evidence in full. It is sufficient in this case to refer to some of the testimony that was admitted by the court, over the objections of the defendants.

Several errors have been assigned, but the only as-

signment necessary to be considered is, that the court erred in admitting, over the objection of the defendants, irrelevant, incompetent, and immaterial testimony. This assignment relates to the action of the court in admitting the state's Exhibit A, which is the affidavit for the search warrant, and Exhibit B, which is the search warrant. The recitals in the affidavit for the search warrant and the search warrant are substantially the same. The allegations in the affidavit tend to establish facts very material against the defendants and put in issue the character of the defendants. Williams v. State, 34 Okla. Cr. 359, 246 Pac. 895; Weeks v. State, 41 Okla. Cr. 95, 270 Pac. 858; Ford v. State, 45 Okla. Cr. 161, 282 Pac. 370.

We hold that in admitting the affidavit for the search warrant and the search warrant, over the objections of the defendants, the court erred, and the defendants were denied their constitutional right of confrontation by the witnesses. (Const. art. 1, § 20.)

The cause is reversed.

EDWARDS and CHAPPELL, JJ., concur.