BUD ARMSTRONG v. STATE.

No. A-8755.   Nov. 23, 1934.
(37 Pac. [2d] 983.)

R. N. Linville, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was by information charged with possession of one gallon of whisky, with the unlawful and wrongful intent of selling, transporting, and otherwise furnishing the same; was tried on the information; and the jury returned a verdict of guilty, fixing the punishment at $100 fine and 60 days' imprisonment in the county jail.

The state called three witnesses, all of whom were officers, who testified they went to the home of the defendant with a search warrant and found in the kitchen of the defendant, in a water bucket, a liquid which the officers said was whisky; two one-half gallon jars were found in the kitchen, each of which the officers stated contained a small quantity of whisky. No other paraphernalia, bottles, boxes, or containers were found in or around the place of defendant. The charge upon which the defendant was tried is that he had whisky in his possession, with the unlawful and wrongful intent of selling, transporting, and otherwise furnishing the same, contrary to the form of the statute.

The state, in order to sustain its allegations, introduced over the objection of the defendant the affidavit for the search warrant and the search warrant. The affidavit for the search warrant, among other things, alleges that:

"Intoxicating liquors are being manufactured, sold, bartered, given away and otherwise furnished in violation of law and are being kept for the purpose of selling, bartering, giving away and otherwise furnishing said liquor in violation of the law of the state of Oklahoma by Bud

Armstrong or party unknown to affiant, and that said intoxicating liquors are being manufactured, stored and kept on the following described premises, to wit; the buildings, basements, cellars, appurtenances and premises situated and being: On lots 13 and 14 in block A in the city or town of Elk City, DeWaide Add Beckham county, state of Oklahoma.

"Affiant further states that the said premises above described are the private residence of the said Bud Armstrong or party unknown to affiant, occupied as such, and that it is a place of public resort or some part of it is used as a place of storage for intoxicating liquors, and as a storehouse, resort, or place where people congregate for the purpose of obtaining intoxicating liquors and drinking the same, as he has observed this place for the past two weeks and seen cars going and coming out at all hours of the day and night, some of the occupants appeared to be intoxicated and some had what appeared to be bottles in their pockets."

The recitals in the search warrant are substantially the same as in the affidavit.

The defendant insists that the court erred in overruling his motion for a new trial. One of the grounds of the defendant's motion for a new trial is that the court erred in the admission of illegal evidence on behalf of the state, over the objection of the defendant. The court admitted the affidavit for the search warrant and the search warrant as a part of the state's evidence in chief. The statements in the affidavit and the search warrant are with reference to the offense charged. It is fundamental that ex parte affidavits are not admissible in evidence. The admission of the affidavit and search warrant as independent evidence was prejudicially erroneous. Williams v. State, 34 Okla. Cr. 359, 246 Pac. 895; Weeks v. State, 41 Okla. Cr. 95, 270 Pac. 858; Bruner v. State v. State, 44 Okla. Cr. 425, 281 Pac. 319.

There are other errors assigned, but the view we take of this record makes it unnecessary to consider them. The case is reversed.

CHAPPELL, J., concurs. EDWARDS, P. J., not participating.