# JEFF LUCAS v. STATE.

No. A-8756.   Feb. 8, 1935.
(41 Pac. [2d] 131.)

R. N. Linville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J.   Jeff Lucas was tried and convicted on a charge that on or about May 15, 1933, in Beckham county he did have in his possession one-half gallon of whisky with the unlawful intent to sell the same, and in accord-

ance with the verdict of the jury he was by the judgment of the court sentenced to be confined in the county jail for a period of 30 days, and to pay a fine of $100 and costs. To reverse the judgment, he appeals.

The errors assigned relate to rulings of the court in the admission of evidence and question the sufficiency of the evidence to sustain the verdict and judgment of conviction.

The evidence tending to support the accusation was obtained in execution of a search warrant issued on the affidavit of Orlin Jones, a police officer and deputy sheriff. It shows that on the date alleged, accompanied by two deputy sheriffs, affiant visited lots 19, 20 and 21 in block 49, Elk City, and searched the entire apartment upstairs over a garage on the rear of said lots, owned and occupied in part by Mrs. Maggie Fitzgerald. They found the defendant in the northeast room, and Mr. Buz Blocker and wife in another room, and Mrs. Fitzgerald, the landlady, was present. The officers testified that they found a half-gallon fruit jar full of whisky in a cabinet in the kitchen; that they discussed arresting all the parties present and the defendant then said that he would take the responsibility himself, and they placed under arrest. The jar containing the whisky was identified and introduced in evidence. When the state rested, the defendant demurred to the evidence and moved for a directed verdict, which was overruled.

As a witness on his own-behalf, defendant testified, in substance, that he had been living in the apartment for about three months, occupying only the northeast room; that he did not have any authority or control over the kitchen; that he did not have any whisky in his possession, and knew nothing about the whisky until the officers came there.

Mrs. Fitzgerald testified that she is part owner of lots 19, 20, and 21, block 49, Elk City, on which there is a duplex apartment on the front end and two garages with an apartment upstairs on the rear of said lots; that she is a widow and rents her apartments to make a living; that the defendant is her nephew by marriage and rented the northeast room; that at the time the search was made, Mr. Buz Blocker and his wife occupied another room; that they all used the kitchen for cooking; that she did not know who owned the whisky found by the officers.

At the close of the case, the defendant again moved to suppress the testimony of the officers, and further moved the court for an instructed verdict of acquittal. The motions were overruled and exceptions reserved.

It appears from the record that before the case was called for trial the defendant filed a motion to suppress and exclude the testimony procured by means of the search warrant, for the reason that the search and seizure was made by these officers under a void search warrant issued on an affidavit that was legally insufficient. After hearing the testimony in support of the motion, the court overruled the same. The affidavit recites that:

"Intoxicating liquors are being kept for the purpose of selling, bartering, giving away and otherwise furnishing said liquor in violation of law by Jeff Lucas, and that said intoxicating liquors are being manufactured, stored and kept on the following premises, to wit: 'the buildings, basements, cellars, appurtenances and premises situated and being on lots 19, 20 and 21 in block 49, O. T., in the city or town of Elk City, Beckham county, State of Oklahoma.'"

The search warrant describes the place to be searched as:

"The private residence of Jeff Lucas, being an apartment over a garage and situated on lots 19, 20 and 21, block 49, original townsite of Elk City, Oklahoma; certain intoxicating liquors, viz., whisky, beer, wine and other intoxicating liquors were then and there and are now being manufacturd, sold, bartered, given away, and otherwise furnished, and were then and there and are now being kept for the purpose of being manufactured, sold, bartered, given away and otherwise furnished by————————, or a person unknown, in violation of law."

Bill of Rights, § 30, provides:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

The statutes, section 2638, Okla. St. 1931, provide the same.

It appears from the record that the search warrant was not issued in accordance with law. The description in the warrant of the place to be searched does not conform to the description in the affidavit.

Under the statute, section 2639, Okla. St. 1931, no officer is authorized to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort, unless it is made to appear that such private residence comes within the exceptions stated in said section.

It has been repeatedly held by this court that evidence obtained by an unlawful search and seizure, and contrary to section 30 of the Bill of Rights, is inadmissible against the defendant, as being a violation of section 21

of the Bill of Rights, giving one accused of crime immunity from becoming a witness against himself.

In the case of Wiese et al. v. State, 32 Okla. Cr. 203, 240 Pac. 1075, 1076, we held:

"Affidavit for search warrant, describing the place to be searched as a certain section of land, and without naming the owner, is insufficient to furnish the particular description of the place to be searched, where it appeared that the land so designated was owned and occupied by several persons, so that it was in fact several places."

And see Daniels v. State, 32 Okla. Cr. 426, 241 Pac. 836.

It follows that the search and seizure shown in this case was an invasion of the constitutional rights of the defendant.

In the course of the trial the witness Orlin Jones, who made the affidavit on which the search warrant was issued, identified the same, it was marked Exhibit A, and over the defendant's objection was introduced in evidence.

The recitations of the search warrant and the return thereon tended to establish facts very materially against the defendant, as by section 2626, Okla. St. 1931, the keeping in excess of one quart of intoxicating liquors shall be prima facie evidence of an intention to sell or otherwise dispose of the same. This evidence also put in issue the defendant's character; therefore, the admission of the same as independent evidence was prejudicially erroneous. Johnson v. State, 59 Okla. Cr. 332, 2 Pac. (2d) 972; Bruner v. State, 44 Okla. Cr. 425, 281 Pac. 319; Weeks v. State, 41 Okla. Cr. 95, 270 Pac. 858; Williams v. State, 34 Okla. Cr. 359, 246 Pac. 895.

It would serve no useful purpose to consider the remaining assignments. On the record before us, we are

convinced that all of the state's evidence was improperly admitted against the defendant in violation of his constitutional and statutory rights, and for the reasons stated the judgment is reversed and the cause remanded, with directions to dismiss.

DAVENPORT, P. J., and EDWARDS, J., concur.