## MRS. V. L. BARNES v. STATE.

No. A-8767.  Feb. 8, 1935.
(41 Pac. [2d] 126.)

J. O. Whiteside, for plaintiff in error.

.J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Ted R. Fisher, Co. Atty., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Blaine county of the crime of destroying evidence, and was sentenced to pay a fine of $50 and cost.

The condition we find this record in, it is only necessary to consider one question, that is, the question of the introduction as primary evidence of the affidavit for the search warrant; when the state offered the affidavit for the search warrant as State Exhibit A, the defendant objected to the same on the ground that it was incompetent, irrelevant, and immaterial; the affidavit was not in suffiicient form to authorize the issuance of the search warrant, which objection of the defendant was overruled and exceptions duly saved.

This court has repeatedly held that it is error for the state to introduce the affidavit for the search warrant as primary evidence. Williams v. State, 34 Okla. Cr. 359, 246 Pac. 895; Weeks v. State, 41 Okla. Cr. 95, 270 Pac. 858; Ford v. State, 45 Okla. Cr. 161, 282 Pac. 370.

If this court should permit the state to read the ex parte affidavit for the search warrant to the jury as primary evidence, it would deprive the defendant of his constitutional right to be confronted by the witnesses against him (Const. art. 2, § 20). Where the state introduced the affidavit as primary evidence, over the objection of the defendant, the case will be reversed. For the reason stated, the case is reversed.

EDWARDS and DOYLE, JJ., concur.