## BILL WAGNER v. STATE.

No. A-9641.    Feb. 8, 1940.
(99 P. 2d 161.)

448

Sigler & Jackson, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

PER CURIAM. The information in this case charges that Bill Wagner, in Carter county, on the 27th day of July, 1937, did have in his possession four and one-half pints of whisky, with the unlawful intent to sell the same. Upon his trial the jury returned a verdict finding him guilty and fixing the punishment at a fine of $50 and imprisonment in the county jail for 30 days.

To reverse the judgment he appeals, and assigns as error that the trial court erred in admitting incompetent evidence over his objections, and in refusing to strike the same, and that the verdict is contrary to both the law and the evidence.

The state relied for this conviction upon the testimony of two witnesses, city officers, admitted over defendant's objections, that it was obtained by an unlawful search. Their testimony shows that in executing a search warrant, they searched defendant's place of business, and found four and one-half pints of whisky.

Ott Holden testified in part as follows:

"Q. I will hand you here state's exhibit A and ask you to tell the court and jury what it is? A. A search warrant. Q. Was this the search warrant that you executed in searching Mr. Wagner's place of business? A. This is the search warrant complaint and the other is the search warrant served."

Against the defendant's objections, state's exhibits A and B, the complaint and search warrant, were admitted in evidence.

He further testified that they found four and one half pints of whisky which was admitted in evidence.

E. R. Wrinkle testified that officer Holden laid the search warrant down on the counter in the restaurant. The defendant, Bill Wagner, runs the place.

The state rested and defendant moved the court to strike all the testimony as to what was found, for the reason that the search warrant was illegal and unlawfully issued upon complaint made on information and belief, which motion was overruled.

Thereupon the defendant moved the court to instruct the jury to return a verdict of not guilty, for the reason the evidence is insufficient to authorize a conviction, which was overruled and exception allowed.

There was no testimony offered on the part of the defendant.

It is urged that the court erred in admitting in evidence the complaint and search warrant issued thereon.

This court has repeatedly held that as the recitations of the affidavit and of the search warrant were with reference to the offense charged, admission of the affidavit and search warrant, as independent evidence, was prejudicial error. Williams v. State, 34 Okla. Cr. 359, 246 P. 895; Weeks v. State, 41 Okla. Cr. 95, 270 P. 858; Bruner v. State, 44 Okla. Cr. 425, 281 P. 319; Ford v. State, 45 Okla. Cr. 161, 282 P. 370; Barnes v. State, 56 Okla. Cr. 402, 41 P. 2d 126; Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131.

It is urged that the affidavit is insufficient in that it is made on information and belief, in that it recites: "that he, the said O. M. Holden suspects that said property is concealed in 219 A Street NE, One Store tin building, used as a restaurant in Ardmore, Oklahoma."

The uniform holding of this court is that a search warrant must be based upon an affidavit stating evidentiary facts and not mere conclusions, and sufficient to warrant a magistrate in making a finding of probable cause. Foster v. State, 27 Okla. Cr. 270, 226 P. 602; Baker v. State, 28 Okla. Cr. 408, 231 P. 320; Kirk v. State, 30 Okla. Cr. 198, 235 P. 624; Hancock v. State, 35 Okla. Cr. 96, 248 P. 1115; Anderson v. State, 45 Okla. Cr. 380, 283 P. 588.

For the reasons stated, the defendant's motion for a directed verdict should have been sustained. The judgment of the lower court is therefore reversed, and the case remanded, with direction to dismiss.