## GRADY SMITH v. STATE.

No. A-10058. July 29, 1942.

(128 P. 2d 250.)

Sigler & Jackson, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. This is an appeal from a judgment of conviction, entered upon the verdict of a jury, in the county court of Carter county, finding "the defendant, Grady Smith, guilty in the manner and form as charged in the information," and leaving the punishment to be fixed by the court. His motion for new trial was overruled on January 21, 1941; thereupon the court pronounced judgment and sentenced "the said Grady Smith to pay a fine of fifty dollars and to be confined in the county jail at Ardmore, for the term of 30 days, for said crime by him committed."

To reverse the judgment an appeal was filed in this court on April 3, 1941.

The errors assigned are based on exceptions taken to the court's overruling defendant's motion to suppress the evidence; the admission of evidence obtained by an unlawful search and seizure, and the overruling of defendant's motion to strike such evidence.

The conviction rests upon the testimony of two witnesses, Roy Mogridge and Barney Ross, and upon the evidence obtained by a search and seizure in executing a search warrant, which described the place to be searched as follows:

"Proof by affidavit having been this day made before me, by Roy Mogridge stating that J. B. Ponder and John Doe, in Carter County, Oklahoma, in a certain building, at a one story frame building formerly used as a dwelling and now partly or wholly used as a business house, located on Highway No. 70, between the intersection of North Washing Street and U. S. Highway No. 70 and the intersection of the Refinery Road with U. S. Highway No. 70 on the North side of said Highway, the second door east of Mrs. Lewis' blacksmith shop."

The record shows that when the case came on for trial, counsel for defendant filed a motion to suppress the evidence for the reason that the same was secured through and by virtue of an unlawful search and seizure of the property of this defendant, without a proper search warrant, and stated: "I want to offer in evidence the search warrant for the purpose of showing its invalidity, and for this hearing only."

In support of the motion to suppress, the defendant testified that between highway intersection of North Washington Street and the intersection of Refinery Road with U. S. Highway No. 70, about three blocks east of North Washington Street, and on the north side of the road, there are four different houses, and the liquor in question was found in the third house east of Mrs. Lewis' blacksmith shop. Thereupon the defendant rested.

By the Court: "Let the motion be overruled at this time." Exceptions reserved.

Thereupon both sides announced ready for trial. The jury was duly impaneled to try the case.

Roy Mogridge testified:

"I live at Oklahoma City, I am an investigator for the Department of Public Safety, and have been such officer since July 14th, 1939, I go over the various counties of the state where my superior officer directs me to go; on July 17, 1940, I had occasion to go to Ardmore, and I made affidavit for the search warrant before I went down to this place; I know the defendant, Grady Smith, saw him that day; Barney Ross, deputy sheriff of Carter county was with me."

Handed an instrument said: "This is the affidavit I made."

Over defendant's objection affidavit was admitted in evidence as Exhibit "1".

Thereupon the state introduced the search warrant as Exhibit "2", which was admitted over the defendant's objection.

The record shows:

"The defendant objects to introduction of the affidavit for search warrant for the reason it does not describe the premises searched, and does not state any facts which would authorize the issuance of a search warrant, for the reason that it is not issued to any officer authorized by law to serve a search warrant, and does not name this defendant, and that it does not authorize this officer, Roy Mogridge, to search this defendant's premises or any part of it."

By the Court: Overruled. Exceptions allowed.

He further testified that he found 25 pints of mixed brands of tax-paid whisky and five pints of gin, and the defendant said it was his whisky. Thereupon he was placed under arrest, brought to the county jail, and this case was filed against him.

The affidavit was in the usual form and concludes with the following recitals:

"That the aforesaid premises bears the reputation of being a place where intoxicating liquors may be purchased in violation of the statutes of Oklahoma;

"That the aforesaid defendant bears the reputation of being a person from whom intoxicating liquors may be purchased in violation of the statutes of Oklahoma;

"That lawful search has heretofore been made of the premises under the control of said defendant and intoxicating liquor found, possession of same being in violation of the statutes of Oklahoma;

"That the aforesaid premises is a place used for the storage of intoxicating liquors in violation of the statutes of Oklahoma.

"That said premises have heretofore been searched and liquor found stored therein.

60

"Wherefore, affiant asks and prays that a search warrant be issued according to law.

"Roy B. Mogridge

"Subscribed and sworn to before me this 17th day of July, 1940.

"Ulis Barnett
"Justice of the Peace."

The testimony of Barney Ross, deputy sheriff, was that he accompanied the witness Mogridge and assisted in executing the search warrant, and was substantially the same as that given by the first witness.

When the state rested, the defendant again moved to exclude all the evidence, including the affidavit and search warrant, on the ground that it shows that the search warrant under which the search was made was incompetent, in that it did not describe premises occupied by defendant. Which motion was overruled. Exceptions allowed.

This court has repeatedly held that it is error for the state to introduce the affidavit for the search warrant as primary evidence. Williams v. State, 34 Okla. Cr. 359, 246 P. 895; Weeks v. State, 41 Okla. Cr. 95, 270 P. 858; Ford v. State, 45 Okla. Cr. 161, 282 P. 370; Barnes v. State, 56 Okla. Cr. 402, 41 P. 2d 126.

In Williams v. State, supra [34 Okla. Cr. 359, 246 P. 896], it is said:

"In our opinion the court erred in admitting in evidence the affidavit and search warrant issued thereon, and the motion to have them stricken out should have been sustained. The allegations of the affidavit tended to establish facts very material as against defendant, and attacked his character."

. It will be observed that the affidavit avers:

"That the aforesaid defendant bears the reputation of being a person from whom intoxicating liquors may be purchased in violation of the Statutes of Oklahoma;

"That lawful search has heretofore been made of the premises under the control of said defendant and intoxicating liquor found, possession of same being in violation of the Statutes of Oklahoma."

It has been repeatedly held by this court that the character and reputation of the accused cannot be put in issue by offering testimony as to his bad character, unless the defendant first offers evidence as to his good character, then the prosecution may rebut it by evidence of bad character.

In Kirk v. State, 11 Okla. Cr. 203, 145 P. 307, it is said:

"It is a fundamental principle of criminal law that the character of the defendant cannot be impeached or attacked by the state, unless he puts his character in issue by introducing evidence of good character."

And see Cantrell v. State, 12 Okla. Cr. 534, 159 P. 1092; Harris v. State, 39 Okla. Cr. 4, 262 P. 700; Bruner v. State, 44 Okla. Cr. 425, 281 P. 319; Johnson v. State, 52 Okla. Cr. 76, 2 P. 2d 972; Giles v. State, 55 Okla. Cr. 145, 28 P. 2d 600.

In Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131, it is said:

"The state offered in evidence a search warrant reciting that 'intoxicating liquors are being kept for the purpose of selling and otherwise furnishing said liquor in violation of law by the defendant.' Held, that as the recitals of the search warrant were with reference to the essence of the offense charged, the admission of the warrant as independent evidence was prejudicial."

It also appears from the evidence that the affidavit and the search warrant described a house different from the one which the officers searched.

Section 2635, Sts. 1931, 37 O. S. 1941 § 84, provides that the warrant shall command a search of the "prem-

ises described and designated in such complaint and warrant."

The description of the premises in the instant case is insufficient and not in compliance with the requirement of the Bill of Rights (sec. 30, art. 2, of the State Constitution). Thomas v. State, 38 Okla. Cr. 284, 260 P. 515; Thomas v. State, 54 Okla. Cr. 36, 14 P. 2d 430.

In Stouse v. State, 62 Okla. Cr. 46, 70 P. 2d 145, 146, it is said:

"In cases of this kind the name of the owner or occupant is employed to designate or describe the place, it particularizes the place, for a person may own many places, but as a usual thing occupies only one."

Upon the undisputed facts and the state's testimony, it appears that the search and seizure in this case was an unauthorized trespass, and that the state's evidence was improperly admitted over the defendant's objections and in violation of his constitutional and statutory rights.

For the reasons stated, the judgment of the lower court is reversed and cause remanded with direction to dismiss.

BAREFOOT, P. J., and JONES, J., concur.