### JACK EDORIN HARRISON v. STATE.

No. A-10367.     July 21, 1943.
(140 P. 2d 247.)

Hughes & Hughes, of Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

PER CURIAM. The defendant, Jack Edorin Harrison, was charged in the county court of Kiowa county with the offense of transporting intoxicating liquor, was tried, convicted and sentenced to serve 60 days in the county jail and pay a fine of $250, and has appealed.

Petition in error with case-made attached was filed in this court on December 14, 1942.

Rule VI of this court provides:

"In each cause filed in this court, appealed from a lower court from a conviction for a misdemeanor, counsel for plaintiff in error, unless otherwise ordered by the court, shall serve his brief upon the Attorney General within 30 days from the date of filing his petition in error; in causes appealed from a conviction for a felony, counsel for plaintiff in error shall in like manner serve his brief upon the Attorney General within 60 days from the date of filing his petition in error, and shall in appeals from both misdemeanor and felony cases, at the time of service on the Attorney General, file five copies of said brief with the clerk of this court."

No brief has been filed on behalf of the defendant, and no extension of time granted within which brief of the defendant might be filed.

Where defendant appeals from a judgment of conviction in a misdemeanor case and more than seven months elapse and no brief is filed, nor application for extension of time within which to brief is made, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony. This court will examine the record for jurisdictional errors. If no fundamental error appears, the judgment will be affirmed.

160

We have examined the record and find that the information is sufficient to charge the offense of unlawful transportation of intoxicating liquor. The officer who made the arrest of defendant swore that the defendant passed him on the highway driving recklessly at a speed of approximately 75 miles per hour. That he had to drive 85 miles an hour to overtake defendant, who had 456 pints of whisky and gin in his automobile.

Defendant's motion to suppress the evidence was properly overruled, the evidence is sufficient to sustain the judgment and sentence, and the court's instructions were applicable to the law and facts. On the record before us we have discovered no error which would warrant a reversal of the judgment, and it appears that the defendant was accorded a fair and impartial trial.

The judgment of the county court of Kiowa county is accordingly affirmed.