## ERVIN WEAVER v. STATE.

No. A-10338.    Dec. 20, 1944.

(154 P. 2d 587.)

Tyree & Busby, of Lawton, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Paul Pugh, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Ervin Weaver, was charged in the county court of Comanche county with the unlawful possession of intoxicating liquor; was tried, convicted, and sentenced to serve 90 days in the county jail and pay a fine of $200 and costs.

This is a companion case to Weaver v. State, 79 Okla. Cr. 267, 154 P. 2d 585, this day decided, wherein this court affirmed the conviction of the defendant on a charge of unlawful transportation of intoxicating liquor. The instant case and Weaver v. State, supra, grew out of the search of certain premises and the seizure of certain whisky thrown from defendant's automobile on the night of January 3, 1942.

The defendant, prior to the commencement of the trial, filed a motion to suppress the evidence. Among the grounds alleged in the motion was the contention that the search warrant did not properly describe the premises of the accused and was a variance from the description set forth in the affidavit upon which the search warrant was procured.

The description in the affidavit for the search warrant is as follows:

"A certain one story frame house painted white, with unpainted shingle roof, the same being the first house on the north side of the street, one block east of the Military Highway and facing setting south with a porch on front. . . ."

The search warrant issued pursuant to the affidavit described the premises to be searched as follows:

"A certain one story frame house, painted white, with unpainted shingle roof, the same being the first house on the north side of the street, WEST OF THE MILITARY HIGHWAY AND SETTING ABOUT THREE BLOCKS

NORTH OF U. S. HIGHWAY 62, ON 21st STREET, and setting facing south with a porch on front. . . ."

The capitalized portion of the description quoted in the search warrant is a variance from the description set forth in the affidavit.

In the brief of the Attorney General the following statement appears:

"This case hinges on whether or not the search warrant was valid. It is conceded that if it was not, the case should be reversed, as the judgment and conviction herein is based on evidence obtained through the execution of the warrant."

The state contends that there were sufficient corresponding descriptive averments in the affidavit and in the search warrant to show that they described one and the same place and should not have been confusing to any officer trying to find defendant's premises. With this contention we do not agree. The affidavit describes a house one block east of the Military Highway, while the search warrant describes a house west of the Military Highway.

37 O. S. 1941 § 84 provides that the judge before whom the affidavit is filed shall issue a warrant "directed to any peace officer, in the county, . . . commanding him to search the premises described and designated in such complaint."

In Lynch v. State, 68 Okla. Cr. 303, 98 P. 2d 625, it is stated:

"A complaint for a search warrant must particularly describe the place to be searched for intoxicating liquor and the search warrant must authorize and command the search of the premises described and designated in such complaint. Section 2635, O. S. 1931, 37 Okla. St. Ann. §' 84."

In Smith v. State, 75 Okla. Cr. 55, 128 P. 2d 250, it is stated:

"Where a defendant charged with unlawful possession of intoxicating liquor, and the evidence of the defendant's possession thereof, has been obtained by search of his premises under a void search warrant in violation of Bill of Rights, Const., Art. 2, Sec. 30, guaranteeing the security of the people in their right to be exempt in their persons, houses, papers, and effects from unreasonable search and seizure, the evidence so obtained is inadmissible against him."

It follows by reason of the foregoing that the trial court erred in overruling the motion to suppress the evidence.

The judgment of the county court of Comanche county is accordingly reversed, with instructions to discharge the defendant.

BAREFOOT, J., concurs. DOYLE, J., not participating.