## ERVIN WEAVER v. STATE.

No. A-10337. Dec. 20, 1944.

(154 P. 2d 585.)

Tyree & Busby, of Lawton, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Paul Pugh, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Ervin Weaver, was charged in the county court of Comanche county with the unlawful transportation of intoxicating liquor; was tried, convicted, and sentenced to serve 90 days in the county jail, and pay a fine of $200 and costs, and has appealed.

This is a companion case to Weaver v. State, 79 Okla. Cr. 264, 154 P. 2d 587, this day decided.   By agreement, the cases were consolidated for the purpose of briefing and argument.

Certain officers of Comanche county procured a search warrant for certain premises on the outskirts of Lawton, and, also, for an automobile owned and operated by the accused.   Armed with these two search warrants, officers went to the premises of the accused on January 3, 1942. After the officers had arrived, and before entering the premises to make a search, they saw the defendant drive out of his garage and start off in his automobile without having his lights turned on.   It was after dark.   The officers turned on their lights and blew their police siren. The defendant speeded up and turned onto what is known as the Military Highway.   The officers started after the defendant and during the chase drove approximately 85 miles an hour for about 3 miles before the defendant stopped.   During the chase, the officers testified that they

saw the defendant throw something from the right-hand side of his car. After the defendant had been placed under arrest, the officers returned to the place where they had seen him throw the package from the car and found three full pints of whisky and one pint bottle that had been broken.

The testimony showed that ice and snow covered the ground and that the bottles had struck the ground about 10 or 12 feet from the pavement and slid into a bar ditch. After arresting the defendant, the officers returned to the house and made a search and secured over 300 pints of whisky. The whisky seized in the search of the house is involved in Weaver v. State, herein above mentioned.

The defendant argues that the search of the premises was unlawful by reason of a void search warrant and that the officers accordingly had no right to make a search of defendant's automobile. This argument is fallacious. The search warrant which it is alleged is void on account of the insufficient description of the premises affected only the search of the premises and did not affect the validity of the seizure of the whisky thrown from defendant's car during the chase by the officers. It is undisputed that the officers had a search warrant for defendant's automobile. Not only this, but the defendant violated the law by driving his automobile in an unlawful manner on a public highway, which authorized the officers to pursue him and make a lawful arrest. Being engaged in a lawful pursuit of defendant at the time the whisky was thrown from the car, the offense, therefore, was committed in the presence of the officers, and even though they had not been armed with a search warrant, the introduction of the liquor which was found at the place where it was thrown by the defendant was proper. Barnett v. State, 71 Okla. Cr. 118,

109 P. 2d 243; Overturf v. State, 69 Okla. Cr. 303, 102 P. 2d 623; Harrison v. State, 77 Okla. Cr. 154, 140 P. 2d 247; Sims v. State, 73 Okla. Cr. 321, 121 P. 2d 317.

The defendant further insists that the evidence was wholly circumstantial and not sufficient to sustain a conviction. It is true that the evidence was circumstantial, but the officers who were just a few feet behind the defendant testified that they saw him throw the package from the car. That the wrapping around the package came loose and fluttered in the air and that they saw one object that shined as it went out of the package. After the defendant was arrested, they returned to the identical spot where the package was thrown and found the liquor. The circumstances were sufficient to connect the defendant with the transportation of the liquor.

The defendant did not testify nor did he introduce any evidence in his behalf.

The judgment and sentence of the county court of Comanche county is accordingly affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.