Wayne LEE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12305.

Criminal Court of Appeals of Oklahoma.

May 9, 1956.

Sam L. Wilhite, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Wayne Lee, defendant below, was charged by information in the County Court of Caddo County, Oklahoma, with the possession of intoxicating liquor in violation of 37 O.S.1951 § 31, said offense allegedly committed on September 3, 1955. He was tried by a jury, convicted, sentenced to thirty days confinement in the county jail and a fine of $300, from which judgment and sentence this appeal has been perfected.

The defendant relies on several grounds for the reversal of the judgment herein imposed, among which is one decisive of the issues herein involved. That point is that the trial court erred in overruling the defendant's motion to suppress the evidence. This contention is grounded upon facts as hereinafter set forth.

It appears the affidavit for the search warrant was prepared upon information furnished by the Chief of Police of Anadarko, Oklahoma, Olin Wilson. But, for some unapparent reason, the affidavit was sworn to by Sheriff Larison, Sheriff of Caddo County. It will not be necessary to unduly extend this opinion by setting out the affidavit in detail. It is sufficient to state that it was in positive terms and under ordinary conditions it would be entirely sufficient, in light of numerous authorities holding, where the affidavit sworn to is in positive terms, upon timely objection by the state, the movant will not be permitted to go behind the affidavit and show the officer did not have sufficient knowledge of the charges alleged in the complaint. Le Blanc v. State, Okl.Cr., 245 P.2d 134; Hughes v. State, 85 Okl.Cr. 25, 184 P.2d 625; and numerous other cases so holding.

It should be distinctly understood that what may be hereinafter said, is not intended as a modification of the foregoing rule, but constitutes a special application of law to the facts herein presented. It should also be remembered that this case is not the ordinary situation supported by timely objection, for here the county attorney made no objection to the inquiry but both himself and the trial court permitted the same to proceed without objection. On the inquiry, the sheriff, in justifying his execution of the affidavit, testified as follows:

"Q. Did you furnish that information with respect to the description of that property to the person that prepared and compiled that complaint? A. Which part do you mean?

"Q. The part that describes the property. A. I did not.

"Q. You did not. Was that on there when you signed this complaint? A. It was.

"Q. Now, Mr. Larison, referring to paragraph 6 where it says, begin to further state that people are seen entering the said place, see that? A. Uh-huh.

"Q. Did you furnish those facts to the person that compiled that complaint? A. Not that I remember of.

"Q. I'll ask you if you knew those facts of your own personal knowledge at the time that you signed that complaint? A. Well, reports that have been made to me, yes, otherwise, no.

"Q. Based on reports, but not on personal knowledge, is that right? A. No, I didn't see any one drunk entering or leaving, if I had of, I would have arrested them.

"Q. Well, what I am trying to ascertain, Ray, is whether or not those facts were stated by you to whoever prepared that complaint or whether they were in there when you first saw it? A. I believe they were in there.

"Q. When you first saw them? A. I believe they was."

On the record thus made, it clearly appears that the matters alleged and sworn to by the sheriff were based not on his personal knowledge, but were predicated entirely upon information and belief. It has been consistently held that:

"A search warrant based upon an affidavit made merely upon 'information and belief,' and the party making the same has no actual knowledge of the contents thereof and no facts are stated in the affidavit to support the issuance of the same, is void, and the evidence obtained thereunder cannot be introduced in evidence."

Yeargain v. State, 67 Okl.Cr. 262, 93 P.2d 1104; Wagner v. State, 68 Okl.Cr. 447, 99 P.2d 161. We see no distinction in a case where the facts alleged in the affidavit are alleged as being based on information and belief and where the record as a whole discloses such is the case. Officers should observe the law. This court or no other court should sanction a search and seizure where the same is knowingly based upon subterfuge.

The proper objection at the time the foregoing inquiry was had would have prevented the elicitation of the sheriff's testimony, in the foregoing regard. But, the evidence as hereinbefore set forth, makes it obvious that the affidavit is predicated upon information and belief, and not positive knowledge and therefore the same is

**574**

void. In all of such cases it has been held that the search warrant and affidavit must be judged upon its own merit and contents. Wagner v. State, 72 Okl.Cr. 393, 117 P.2d 162. Under the conditions herewith presented, it was the duty of the trial court to sustain the motion to suppress and was error for the trial court to fail so to do.

Reversed with instructions to dismiss.

POWELL, J., concurs.

JONES, P. J., not participating.