Chester HICE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12495.

Criminal Court of Appeals of Oklahoma.
Oct. 16, 1957.

Lewis M. Watson, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Chester Hice, defendant below, was charged by information in the District Court of Pontotoc County, Oklahoma, with the crime of unlawful possession of intoxicating liquor, second and subsequent offense. He was tried by a jury, convicted, and his punishment fixed at a fine of $1,000 and three years confinement in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

To the information and before arraignment, the defendant filed a motion to suppress the evidence. A hearing was had on the motion and the same was overruled by the trial court. The motion to suppress did not attack the sufficiency of the affidavit and the trial court properly ruled thereon up to the time of the trial on the merits. In the trial on the merits, the state offered the testimony of Everett Stewart. The record discloses that it was Stewart who made the affidavit for search warrant. It further appears, as developed by the state, that Mr. Stewart was not an officer of Pontotoc County but was an investigator for the Department of Public Safety. On cross-examination by the defendant, it was developed that Stewart resided in Madill, Oklahoma, the county seat of Marshall County. Without objection being interposed by the County Attorney, it was further developed on cross-examination that he did not know where the defendant lived other than what he was told by the County Attorney. He further testified that he did not personally know the defendant. On request of defense counsel, the jury was excused and further inquiry permitted by the trial court. On this inquiry, Stewart related he had no personal knowledge about the Hice home being a whiskey selling establishment other than what he was told by the County Attorney. He did not know the place was a place of public resort.

In fact, he testified all he knew about the Hice place was just hearsay. Nevertheless, he admitted he signed the affidavit for search warrant at the County Attorney's request. After these disclosures were made, the County Attorney stated, "We object to all this testimony and move that it be stricken." The trial court prompted, "You mean that it is not the proper time to bring this up." The County Attorney agreed. The trial court sustained the County Attorney's objection only to such matters in relation to the search warrant as were brought out before the jury was excused, and he struck that part of the record. Then, on further cross-examination, it developed that Stewart did not furnish any of the information contained in the affidavit and knew nothing about it except what they told him. Specifically, he testified, he was told at the County Attorney's office the defendant was selling whiskey down there. This cross-examination developed that all he knew as a fact was where the old Frontier Club was located. He did not know that the Frontier Club was Hice's residence. The defense counsel then renewed his motion to suppress the evidence on the record made herein. The trial court overruled the same, called the jury back in, and proceeded with the trial.

On the whole record as made herein, the trial court should have sustained the motion to suppress for the reason the information in the affidavit was not predicated upon the personal knowledge of the affiant, Mr. Stewart, but was based entirely upon hearsay. In fact, he did not swear to matters within his own personal knowledge but to matters within the personal knowledge of someone else. This disclosure being made, the affidavit for search warrant was therefore void and insufficient to support a valid search warrant, notwithstanding the affidavit was in positive terms. Ordinarily, where the affidavit is in positive terms, one will not be permitted to go behind the affidavit and show the affiant did not have sufficient information upon which to base the charges contained in the

search warrant. Lee v. State, Okl.Cr., 297 P.2d 572, 573, and cases cited therein.

The situation in the Lee case is almost identical with the case at bar. Therein, the affidavit for search warrant was in positive terms, but on the trial it developed that the information alleged in the affidavit was supplied by someone else. In the Lee case we said:

"It should be distinctly understood that what may be hereinafter said, is not intended as a modification of the foregoing rule, but constitutes a special application of law to the facts herein presented. It should also be remembered that this case is not the ordinary situation supported by timely objection, for here the county attorney made no objection to the inquiry but both himself and the trial court permitted the same to proceed without objection."

Here, the County Attorney opened the matter that aroused defense counsel's suspicion and defense counsel commenced inquiry without objection by the County Attorney until the invalidity of the affidavit had been established. If the County Attorney had interposed an objection immediately upon defense counsel's commencement of the inquiry, that the affidavit for search warrant was in positive terms and the defendant could therefore not go behind the same and show it was not based upon sufficient knowledge of the facts therein alleged, no doubt the trial court, under numerous decisions of this Court, would have sustained the objection. But, the County Attorney waited until proof of the invalidity had been made and no presumption in favor of its validity existed. The trial court should have sustained the defendant's second motion to suppress and it erred in not doing so. In Lee v. State, supra, this Court further said:

"We see no distinction in a case where the facts alleged in the affidavit are alleged as being based on information and belief and where the record as a whole discloses such is the case. Officers should observe the law. This court or no other court should sanction a search and seizure where the same is knowingly based upon subterfuge.

"The proper objection at the time the foregoing inquiry was had would have prevented the elicitation of the sheriff's testimony, in the foregoing regard. But, the evidence as hereinbefore set forth, makes it obvious that the affidavit is predicated upon information and belief, and not positive knowledge and therefore the same is void. In all of such cases it has been held that the search warrant and affidavit must be judged upon its own merit and contents. Wagner v. State, 72 Okl.Cr. 393, 117 P.2d 162."

For said reason, the judgment and sentence herein imposed is reversed and remanded with directions to dismiss the action.

POWELL and NIX, JJ., concur.