### HARRY BAKER v. STATE.

No. A-5215.   Opinion Filed Dec. 22, 1924.

(231 Pac. 320.)

(Syllabus.)

1. **Intoxicating Liquors—Five Years' Imprisonment for Attempt to Manufacture Whisky Unauthorized.** The punishment for an attempt to commit a crime in every instance is less than the punishment for the completed offense (section 2297, Comp. Stat. 1921). It follows, therefore, that the penalty assessed, that of five years' imprisonment in the penitentiary, for an attempt to manufacture whisky, under the provisions of section 6991, Comp. Stat. 1921, is unauthorized.

2. **Searches and Seizures—Affidavit for Search Warrant Predicated on Belief Insufficient.** An affidavit for a search warrant predicated on belief alone, without stating any facts as a basis for such belief, is insufficient.

3. **Same—Three Prevalent Methods of Affidavits for Search Warrant Distinguished.** There are three forms of affidavits for search warrants more or less prevalent.

(1) Affidavits on mere information or belief.

(2) Affidavits importing positive knowledge of the possession of the instruments or things used or obtained in violating the law.

(3) Affidavits setting out facts showing probable cause for a belief that the law has been violated by the accused and facts showing probable cause for believing that the accused is in possession of the instruments used in its violation or of the products of its violation.

Method numbered 1 is always bad.. Method numbered 2 may be employed where the affiant can truthfully state of his own personal knowledge that the law has been violated and that the accused is in possession of the physical evidence demonstrating that fact. Method numbered 3 is sufficient in every case, and is therefore the safer method. (See body of opinion for concrete illustration.)

4.    **Evidence—Evidence Procured by Unlawful Search Excluded on Timely Objection.**  Evidence procured by means of an unauthorized search and seizure cannot be used against a defendant when timely objection is made to its introduction.

Appeal from District Court, Nowata County; C. H. Baskin, Judge.

Harry Baker was convicted of an attempt to manufacture whisky, and he appeals. Reversed and remanded.

Leslie J. Coffman and C. F. Gowdy, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J. Harry Baker, defendant in the trial court, was convicted in the district court of Nowata county of the offense of illegally attempting to manufacture intoxicating liquor, the same being a second offense and therefore a felony, the defendant having been, prior to this time, convicted of the unlawful transportation of intoxicating liquor. Defendant's punishment was assessed at confinement in the penitentiary for a term of five years.

The facts, briefly stated, are that after the former conviction of the defendant for the illegal transportation of liquor, he was suspected of having committed the crime of grand larceny. In an effort to locate the property which had been stolen, a search warrant was procured to search the residence and premises of the defendant for windows, doors, wheat, and hay. The officers in making the search, under authority of this search warrant, discovered on the defendant's premises a barrel of fermented grain and other substances, commonly called mash, along with appropriate appliances indicating that the defendant was attempting to manufacture whisky.

The affidavit upon which the search warrant was issued stated no facts showing probable cause; the affiant merely stated that he had "reasonable cause to believe, and does believe," that the described property had been stolen by the defendant and that it was secreted upon his premises.

The defendant in this appeal urges that the verdict should be set aside:

First. Because the information did not state a public offense within the meaning of sections 2297 and 6991, Comp. Stat. 1921.

Second. Because the evidence was procured by means of an unauthorized and unreasonable search and seizure.

Section 2297, supra, is a general statute relating to attempts to commit crime, and so far as it relates to the issue raised is as follows:

"Any person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows:

"First. If the offense so attempted be punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted. * * *

"Fourth. If the offense so attempted be punishable by imprisonment and by a fine, the offender convicted of such attempt may be punished by both imprisonment and fine, not exceeding one-half the longest term of imprisonment, and one-half the largest fine which may be imposed upon a conviction for the offense so attempted."

Section 6991 is a special statute, relating to second or subsequent convictions of a violation of the prohibitory liquor law. This statute is as follows:

"For the second and all subsequent convictions for the violation of any of the provisions of this act, the penalty shall be a fine of not less than fifty ($50.00) dollars, nor more than two thousand ($2,000.00) dollars, and by imprisonment of not less than thirty (30) days in the county jail, nor more than five (5) years in the state penitentiary, and it shall be mandatory upon the trial judge in cases where anyone has been convicted under any provision of this act, to pronounce sentence within ten days from the date of conviction."

An attempt to violate the prohibitory liquor law, under section 2297, supra, is ordinarily a misdemeanor; a second violation of the prohibitory law, according to the provisions of section 6991, supra, is a felony, the statute providing for a maximum penalty of confinement in the penitentiary for a period of five years. An attempt to commit this felony, if a second or subsequent offense, would also be a felony under the provisions of section 2297, carrying with it a maximum penalty of confinement in the penitentiary for a term of 2 1-2 years, as designated in subdivision 1 of that section. The pun-

ishment for attempts to commit a crime in every instance is less severe than the punishment prescribed for the completed offense. It follows, therefore, that the penalty assessed in this case for an attempt to commit the offense of manufacturing whisky, a punishment of five years' imprisonment in the penitentiary, is unauthorized· The phrase in section 6991, "for the violation of any of the provisions of this act," does not apply to attempts; it applies only to the completed act. In searching for the punishment for attempts the two statutes must be construed together. 25 R. C. L., Statutes, § 285, and cases cited.

The next inquiry is whether the search warrant in this case was based on a sufficient affidavit. The affidavit, as well as the search warrant, states that affiant "has reason to believe" that certain described personal property had been stolen by the defendant, and that affiant "has reason to believe, and does believe," that the defendant had this property in his possession, but no facts were stated as a basis for such belief.

An affidavit on belief merely, without stating facts pointing to a reason for such belief, is insufficient. Gore v. State, 24 Okla. Cr. 394, 218 P. 545.

The affiant should swear to facts showing probable cause for his belief. That does not mean that the affiant must know absolutely that the person is a thief, or has liquor in his possession, or is guilty of some other offense. To make an affidavit based on positive knowledge of guilt would in many instances be impossible, but the affidavit should state facts upon which the belief is founded. The records of this court have demonstrated, over and over again, that most sheriffs and peace officers (also some county attorneys) do not comprehend the true purpose and requisite features of an

affidavit for a search warrant. To obviate this misconception we make these further explanations:

In every instance the affidavit should state some fact or facts showing probable cause, as a basis or foundation for an affiant's belief. An affidavit in this case could have been drawn in the following form:

"State of Oklahoma, Nowata County—ss.: I, O. J. Kemerer, do solemnly swear that six windows, one door, 25 bushels of wheat and 15 bales of hay have been stolen from and carried away from the premises of A. B. Reynolds; that affiant has reason to believe, and does believe, that the described stolen property is secreted in the possession of Harry Baker at his residence (describing the location of the residence) ;and for cause for said belief affiant says that there were tracks leading from where the property was stolen towards, or to, the premises of Harry Baker; (or that one——saw property of this character being conveyed to the premises of Harry Baker; or that Harry Baker has recently come into possession of property of this description; or that Harry Baker made statements to others indicating that he had design to take this property; or any other facts as a basis for such belief).

"Wherefore, affiant asks that a search warrant issue for the discovery and seizure of this property and for the arrest of Harry Baker to be brought before the court to be dealt with according to law. O. J. Kemerer."

(Sworn to before some officer)

With such an affidavit, if the facts or any of the facts stated therein are false, the aggrieved person could redress the wrong done him by having the affiant prosecuted for perjury; but not so where the affiant states a mere naked belief. One may believe, and swear that he believes, that a person is a thief, a bootlegger, a narcotic peddler, or a maker of counterfeit money, without having any tangible reason for such

belief; but unless facts are stated, the existence of sufficient reasons for his belief would not be susceptible of proof. If a complaining witness is unable to state some facts to support his belief, he should refrain from making the affidavit. If the rule were otherwise, it would permit the homes and privacy of innocent people to be invaded without affording any remedy, because the maker of an affidavit which states only a belief, amounting to no more than a nebulous suspicion, cannot be prosecuted for perjury. In the very nature of things it is impossible to disprove what a man says he believes.

This is no new doctrine. It has been the law ever since our government was founded. In colonial times and prior thereto, soldiers and officers were billeted in the private homes of the people; searches and seizures on suspicion became so common and no intolerable that the framers of the Constitution wisely provided that such conditions should no longer be tolerated, and so wrote the Constitution.

As was held in Gore v. State, supra, evidence procured by means of an unauthorized search and seizure cannot be used against a defendant when timely objection is made to its introduction. Courts will not encourage officers to violate a law in order to apprehend others who may have violated some other law.

Because of the insufficiency of the affidavit and the search warrant, and because the punishment assessed was unauthorized, the judgment of the trial court is reversed, and the cause remanded.

MATSON, P. J., and DOYLE, J., concur.