## FREEMAN DAVIS v. STATE.

No. A-9503. Dec. 29, 1938.
(86 P. 2d 65.)

C. D. Wilkinson and Tom Finney, both of Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. In this case Freeman Davis, the defendant, was by information charged in the county court of McCurtain county with the crime of the unlawful possession of whisky, with the willful and unlawful intent on the part of him, the said Freeman Davis, to violate the prohibitory liquor law.

The case was called for trial on the 27th day of September, 1937, the same being a regular day of the July term of the county court of McCurtain county. The defendant filed his motion for a continuance, on the ground that his wife, Mrs. Carrie Davis, who had been regularly subpoenaed as a witness, was unable to attend on account of sickness. The motion for continuance was sworn to by the defendant, Freeman Davis; attached to the motion was a sworn certificate of Dr. R. H. Sherrill, who states in the certificate:

"This is to say I was called to see Mrs. Carrie Davis, of Broken Bow, today. She had a temperature of 102; severe cough and bronchitis. She will not be able to attend your court tomorrow."

This statement was addressed to Judge Walter Scott, Idabel, Okla., and properly sworn to before Major M. Dean,

notary public. The motion for continuance was by the court overruled, and the defendant reserved an exception.

The defendant then asked permission to withdraw his plea of not guilty, for the purpose of filing a demurrer to the information in this case.

"By the Court: Any objection to that, Mr. County Attorney? Mr. Phillips: Not to withdraw his plea. The Court: He wants to file a demurrer. I believe I will overrule the motion. Defendant: Exceptions. Exceptions allowed. By Mr. Wilkinson: And ask that he be permitted to file a demurrer. By the Court: Which request is by the court refused and exceptions allowed. By Mr. Wilkinson: At this time we again enter our plea of not guilty."

When the plea of not guilty of the defendant was withdrawn the defendant offered to file a demurrer to the information, which the court refused, and defendant reserved an exception.

The defendant then filed a motion to suppress the testimony on the ground that the same was illegally obtained by return of an illegal and void search warrant. Attached to the motion to suppress the evidence was a copy of the affidavit for the search warrant, and the search warrant. The first paragraph of the affidavit for the search warrant, omitting the caption, is as follows:

"I, Howard Phillips, county attorney do solemnly swear that I have reasonable grounds to believe and do believe that Freeman Davis has in his possession large quantities of whisky, intoxicating liquor, mixtures and compounds, the exact name and description of which is to this affiant unknown, but that said whisky, intoxicating liquors, mixtures and compounds are capable of being used as a beverage, and that the possession of said whisky, liquors, mixtures and compounds is in violation of the prohibitory liquor laws of the state of Oklahoma, and is possessed and kept by the said Freeman Davis, at, in and upon the premises occupied by the said to wit:

"In his house, outhouses, residence and other immediate premises, located and described as S.W.¼ and E.½ of N.W.¼ of sec. 17, twp. 6, range 25 E."

In the next paragraph in the search warrant Howard Phillips, county attorney, makes this statement:

"Affiant further states under oath that the above described place and premises is a place of public resort; that people are seen going to and from said premises and said place at all hours of the day and night in an intoxicated and semi-intoxicated condition; that people gather at said place and premises and while there become intoxicated, and that said place and premises is a place where large quantities of whisky, and other intoxicating liquors, the exact description of which is to this affiant unknown, are possessed, kept and stored for the purpose of sale and violation of the prohibitory liquor laws of the state of Oklahoma; that the said Freeman Davis has a general reputation throughout the community in which he lives for being a bootlegger of whisky and intoxicants; that the place and premises above described is generally known to be a place where whisky · and other intoxicating liquors can be purchased by the general public; and"

The defendant in this case is charged with the unlawful possession of intoxicating liquors with intent to violate the prohibitory liquor laws of the state of Oklahoma. In the last paragraph of his affidavit he says the place to be searched is a place of public resort, that people are seen coming to the premises at all hours of the day and night in an intoxicated and semi-intoxicated condition, and that the place is a place where large quantities of intoxicating liquors, the exact description of which is to this affiant unknown, are possessed, kept and stored for the purpose of sale, barter, giving away or otherwise furnishing the same to others. A reading of the affidavit for the purpose of procuring a search warrant shows clearly upon its face that the affidavit is made on information and belief and not upon any knowledge of the county attorney making the affidavit, as in the second paragraph of the affidavit for the search warrant he undertakes to describe and state what the facts are as to the place being a place of public resort.

The defendant is not charged with maintaining a nuisance but is charged with the unlawful possession of eight pints of intoxicating liquors.

Art. 2, sec. 30, of the Bill of Rights, Okla. St. Ann. Const. art. 2, § 30, is as follows:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

Section 3224, O.S. 1931, 22 Okla. St. Ann. § 1224, is as follows:

"The magistrate must, before issuing the warrant, take, on oath, the complaint of the prosecuting witness in writing, which must set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist."

Section 2635, O.S. 1931, 37 Okla. St. Ann. § 84, defines what is necessary for the issuing of a search warrant, and how the same should be served. The affiant should swear to facts showing probable cause for his belief. That does not mean that the affiant must know positively that a person is a thief, or has liquor in his possession. To make an affidavit based upon knowledge of guilt would in many instances be impossible, but the affidavit should be based upon such facts as the belief is founded. The records of this court have demonstrated over and over again that most sheriffs and peace officers (also some county attorneys) do not comprehend the true purpose and requisite features of an affidavit for a search warrant. To obviate this conception we make the following explanation.

In Baker v. State, 28 Okla. Cr. 408, 231 P. 320, the court there stated:

"In every instance the affidavit should state some fact or facts showing probable cause, as a basis or foundation for an affiant's belief."

In Baker v. State, supra, the court incorporated a form of affidavit, which has been approved by this court, and is as follows:

"State of Oklahoma, Nowata County—ss.: I, O. J. Kemerer, do solmnly swear that six windows, one door, 25 bushels of wheat and 15 bales of hay have been stolen from and carried away from the premises of A. B. Reynolds; that affiant has reason to believe, and does believe, that the described stolen property is secreted in the possession of Harry Baker at his residence (describing the location of the residence) ; and for cause for said belief affiant says that there were tracks leading from where the property was stolen towards, or to, the premises of Harry Baker; (or that one——saw property of this character being conveyed to the premises of Harry Baker; or that Harry Baker has recently come into possession of property of this description; or that Harry Baker made statements to others indicating that he had design to take this property; or any other facts as a basis for such belief).

"Wherefore, affiant asks that a search warrant issue for the discovery and seizure of this property, and for the arrest of Harry Baker to be brought before the court to be dealt with according to law.

"O. J. Kemerer."

(Sworn to before some officer)

With such an affidavit, if the facts or any of the facts stated therein are false, the aggrieved person could redress the wrong done him by having the affiant prosecuted for perjury; but not so where the affiant states a mere naked belief. One may believe, and swear that he believes, that a person is a thief, a bootlegger, a narcotic peddler, or a maker of counterfeit money, without having any tangible reason for such belief; unless facts are stated, the existence of sufficient reason for his belief would not be susceptible of proof. If a complaining witness is unable to state facts to support his belief, he should refrain from making the affidavit. If the rule were otherwise, it would permit the homes and privacy of innocent people to be invaded without affording a remedy, because the maker of an affidavit which states only a belief, amounting to no more than a suspicion,

cannot be prosecuted for perjury. In the very nature of things it is impossible to disprove what a man says he believes.

In this case the county attorney makes the affidavit and says he has reason to believe and does believe that certain things exist, but he sets forth no facts in any part of the affidavit to disclose that he has positive knowledge of any violation by the defendant, and it is apparent from the language used in this affidavit that the affiant did not personally know that the home of the defendant was a place of public resort; that he did not know people went there in the daytime and nighttime and came away intoxicated; and, that he did not personally know that the home of the defendant was a place where large quantities of whisky and other intoxicating liquors were possessed and kept by the defendant for the purpose of sale, in violation of the prohibitory liquor laws of the state. The statement in the affidavit that Freeman Davis has the general reputation throughout the community in which he lives as being a bootlegger of whisky and intoxicating liquors is not a sufficient charge or statement of fact of affiant upon which to base a search warrant to search the home of the defendant for possession of intoxicating liquors, and the defendant is not charged with maintaining a nuisance. We do not believe the county attorney will insist that when he made the affidavit to secure the search warrant that all the statements in the affidavit made by him under oath were within his knowledge at the time he made the affidavit.

The sheriff, the county attorneys and many others make affidavits for the purpose of securing a search warrant that have many statements there that are not within their knowledge. They do not seem to realize that it is as much the duty of the officer to confine himself to the law and state facts when he applies for a search warrant as it is for the violator of the law to refrain from such violation.

The affidavit in this case does not measure up to what the court states in Baker v. State, supra, should be set forth

in an affidavit to secure a search warrant. If the affiant in this case had made a positive statement charging the defendant with the violation of the prohibitory liquor laws, which proved to be false, then the defendant would have some recourse against the party making the affidavit. Where the affidavit states a mere naked belief that he believes the person is a thief, bootlegger or counterfeiter, or that he has intoxicating liquors in his possession for the purpose of bartering, selling, giving away or otherwise furnishing, without giving any reason for such belief, his belief would not be susceptible of proof. If the complaining witness is unable to state some facts supporting his belief he should refrain from making the affidavit. The lawmakers of our state wisely enacted provisions of the law necessary to search the home when a person is thought to be violating the law, and this procedure should be strictly followed. If a party is permitted to make an affidavit on information and belief without any knowledge of a violation, it would permit the home and privacy of innocent people to be searched without a remedy, because the making of an affidavit that states only information and belief amounts to no more than a mere suspicion, and a party making the affidavit cannot be prosecuted for perjury. It is impossible to disprove what a witness states he believes.

We regret to say that many officers and individuals when they desire to prosecute a party for possession of intoxicating liquors will make an affidavit for a search warrant to search the home of a defendant to see if he has possession of intoxicating liquors, on information and belief, without having any positive evidence of facts upon which to predicate the affidavit they file for the purpose of securing the search warrant, and will recite the defendant is guilty of many other violations of the prohibitory laws without giving any positive facts upon which to predicate the affidavit. These charges when made without any knowledge of the affiant making them are not sufficient to warrant a court of competent jurisdiction to issue a search

warrant. Many good men in their ambition to get to prosecute some one they believe to be handling whisky will so far forget themselves as to make an affidavit on information and belief, and then make statements in it entirely without any knowledge on their part, and expect the courts of this state to sustain them in their misstatements. Howell v. State, 33 Okla. Cr. 292, 243 P. 997; Wiese v. State, 32 Okla. Cr. 203, 240 P. 1075; McClary v. State, 34 Okla. Cr. 403, 246 P. 891; Kohler v. U. S., 9 Cir., 9 F. 2d 23.

In the case of Reutlinger v. State, 29 Okla. Cr. 290, 234 P. 224, this court said:

"The finding of probable cause, as well as the issuing of the search warrant is a judicial function to be exercised by the magistrate alone, upon the sufficiency of the facts stated in the affidavit, which should have the force and effect of evidence, as distinguished from the mere conclusions of the affiant."

The court erred in overruling the motion of the defendant to suppress the evidence, for the reason that the affidavit failed to state facts sufficient to authorize the court in issuing the search warrant.

Several other errors have been assigned by the defendant, the first being: "The court erred in overruling plaintiff in error's motion for a continuance."

The record discloses when the case was called for trial the defendant filed a motion for continuance on account of the absence of his wife, Carrie Davis, setting forth the fact she was sick and unable to attend court, and what she would testify to if present. His motion for continuance was sworn to, and a sworn certificate of Dr. R. H. Sherill was attached, in which it was shown that Carrie Davis was unable to attend court. The defendant also alleged in his motion that her testimony was material to his defense. The motion also showed that Carrie Davis had been regularly subpoenaed, which was not disputed by the state, and that she was unable to attend at the time the motion was

filed. It is true the defendant did not attach to his motion for continuance the subpoena showing it had been served on Carrie Davis, and did not state just when she would be able to attend, but in view of the fact that the defendant's wife lived near the county seat, and it was shown by two witnesses she was sick and unable to attend court, which was not disputed by the state, we hold that while the motion for continuance is within the sound discretion of the court, yet upon the showing made here the court should have granted a continuance for at least a sufficient time to show whether or not Carrie Davis was ill, or the state should have filed some contradictory statement showing the statement in the motion for continuance was untrue.

There was a motion filed asking the trial judge to disqualifiy, which was overruled by the trial judge, and he proceeded with the trial of the case. The record shows the judge proceeded to hear the motion to suppress the evidence on the ground that it was secured by an unlawful search and seizure, and in that hearing the judge overruled the motion to suppress the evidence. This court has often held that the issuing of a search warrant, and the passing upon the motion to suppress is a judicial function, but we do not think it sufficient to disqualify the court in presiding at the trial.

The defendant complains that in his closing argument the county attorney indirectly referred to the defendant who did not testify in the case, as follows:

"By Mr. Wilkinson: At this time comes the defendant and objects to the remarks of the county attorney in his closing argument in this case, which remarks and language are as follows, to wit: Gentlemen of the jury, if you were caught with eight pints of whisky what would you say about it. By Mr. Phillips: We object to that. By Mr. Wilkinson: No. I don't care what you do, I want that in the record. By Mr. Phillips: That record is not right. Excuse the jury."

The jury was excused, and Mr. Wilkinson made the following statement:

"Gentlemen of the jury, if you were caught with eight pints of whisky, what would you do. By Mr. Phillips: Yes, that is it. By Mr. Wilkinson: That the language used by the county attorney is a reflection and a comment by the county attorney upon the fact that the defendant did not take the witness stand and testify in this case. By Mr. Phillips: Mr. Wilkinson, the defendant's attorney, asks the jury in substance if they were caught— By the Court: That is not in evidence. I think I shall call the jury and instruct the jury to disregard that closing statement wherein he asks what they would do. By the Court: Gentlemen of the jury, for legal reasons, those under the law, the court is going to instruct you further that in the consideration of this case you are not to take into account the statement made by the county attorney wherein he asks you the following words: 'Gentlemen of the jury, what would you do?' "

It is apparent form the action of the court that he felt the county attorney had indirectly referred to the defendant not having taken the witness stand.

This question has been before this court on many occasions, commencing with Brown v. State, 3 Okla. Cr. 442, 106 P. 808, wherein this court held:

"Where the defendant upon his trial fails to testify in his own behalf, and the prosecuting attorney comments on his failure to the jury, such comments constitute 'reversible error.' "

In Nowlin v. State, 7 Okla. Cr. 27, 115 P. 625, 121 P. 791, it is held:

"It matters not what we may think of the policy of this statute. It is mandatory, and therefore we have no discretion in the matter, but it is our plain duty to enforce it. It must not be violated, directly or indirectly, either in its letter or its spirit." Weinberger v. State, 8 Okla. Cr. 441, 128 P. 160.

There can be no question but that the county attorney in his closing argument to the jury referred in substance to the defendant failing to testify. It was an improper argument, and while the court, on its own motion, called the

jury in and directed it to disregard this statement, or a part of the statement shown to have been made by the county attorney. This statement of the county attorney alone would not be sufficient for the court in reversing the case, but it is sufficient for the court to say that the county attorney should refrain from making any remarks outside of the record that would in any way whatever tend to refer to the defendant, where he had not testified. From the time this case was called for trial up to the closing argument of the county attorney, it is clearly shown that the trial court and the county attorney had in mind the defendant must be convicted.

For the error of the court in denying and overruling the motion of the defendant to suppress the evidence; and overruling and denying the defendant his motion for a continuance on the facts disclosed by the record; and the statement admitted by the county attorney that he made in his closing argument, we hold there is no competent evidence to sustain the conviction, and that the defendant was denied that fair and impartial trial guaranteed to him by the Constitution of the state of Oklahoma, and its laws.

For the reasons herein stated the judgment of the trial court is reversed.

DOYLE, J., concurs. BAREFOOT, J., not participating.