## ED SKELTON v. STATE.

No. A-9430. Aug. 25, 1939.
(93 P. 2d 543.)

216

John T. Levergood, of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, the defendant in the trial court, was by information charged that on the 25th day of June, 1937, he unlawfully, knowingly, and wilfully had in his possession intoxicating liquors with the unlawful intent to sell and give away the same; was tried, convicted, and sentenced to pay a fine of $100 and to be confined in the county jail for 60 days. From the judgment and sentence, the defendant appeals.

The defendant in his petition in error assigned 13 errors alleged to have been committed by the trial court.

The only errors that it is deemed necessary to consider are the 8th, 9th, and 11th assignments of error, which are as follows:

"(8) Because the court erred in overruling defendant's objection to the introduction of evidence procured by the state's witnesses and officers for the reason that said evidence was procured by said officers without legal search and seizure warrant, and without authority of law, and that the evidence offered by the state was procured by this unlawful and wrongful means, and that the same was incompetent and irrelevant to be used against the defendant in the trial of this cause."

"(9) Because the court erred in overruling defendant's motion to quash the arrest, when in truth and in fact the evidence introduced upon the hearing thereof conclusively showed upon its face that said arrest was wholly illegal, unauthorized and void, and that no misdemeanor, especially the crime of illegal possession of liquor was committed or attempted to be committed in the presence of the arresting officer."

"(11) Because the court erred in overruling plaintiff in error's motion for a new trial, to which plaintiff in error duly excepted."

As shown by the record, F. A. Budd, who was a police officer of the city of Shawnee, made an affidavit to secure a search warrant, upon which affidavit a search warrant was issued, giving the name of John Doe as the occupant of the residence to be searched. The defendant's home was searched, and nothing found.

On an adjoining piece of property, which they claim the defendant had the keys to, intoxicating liquor was found; and the officers claim they had a search warrant for that property also; yet they declined, and the court refused to request them, to produce the search warrant for the property where the whisky was found, leaving this court in doubt as to the officers having a second search warrant.

The defendant, when called upon to plead, filed a motion to suppress the evidence on the ground "that the

evidence obtained by the county attorney's office, and upon which the information filed herein is based, was obtained by an illegal and unreasonable search of the defendant's private residence and home on the 25th day of June, 1937, pursuant to the filing of a pretended complaint for search and seizure by one F. A. Budd, chief of police of Shawnee, Okla., before M. M. Chapman, municipal judge of the city of Shawnee, Okla., and the issuance of a pretended warrant for search and seizure by the said M. M. Chapman."

The defendant insists the search warrant is void because the same does not show there was probable cause for issuing the same as required by the law; that the person making said affidavit or complaint has no personal knowledge of the existence of intoxicating liquor on said premises to be searched; and that the complaint shows on its face that the same is based on information and belief; and sets forth many more grounds for the suppression of the evidence on the ground that the search warrant was void, because the affidavit was not sufficient.

Section 13442, O. S. 1931, Constitution, article 2, sec. 30, Bill of Rights, Okla. St. Ann., is as follows:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

Section 3224, O. S. 1931, 22 Okla. St. Ann. § 1224, is as follows:

"The magistrate must, before issuing the warrant, take, on oath, the complaint of the prosecuting witness in writing, which must set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist."

Section 2635, O. S. 1931, 37 Okla. St. Ann. § 84, defines what is necessary for the issuance of a search warrant, and how the same should be served. The affiant should swear to the facts, showing probable cause for his belief.

The records of this court have demonstrated many times that many sheriffs and police officers (also some county attorneys) do not comprehend the true purpose or requisite features of an affidavit for a search warrant.

In this case the affidavit for the search warrant was submitted by F. A. Budd, chief of police of Shawnee, Okla.; but in the trial of the case Budd is not called as a witness. An examination of the affidavit made by the chief of police discloses a very peculiar state of facts, and clearly shows to this court that the chief of police, when he made the affidavit, was using an old-time blank that had long since been abandoned by most of the prosecutors in this state. As in the first paragraph of the affidavit, after reciting the different kinds of liquors that he claims was possessed by the defendant, he says that he possesses intoxicating liquors and "imitations thereof and substitutes therefor, which contain as much as one-half of one per cent. of alcohol, measured by volume and capable of being used as a beverage." He carries this in each of the paragraphs of the affidavit, in which he attempts to charge this defendant with the possession of liquor.

This court thinks that the form of affidavit used by the chief of police was an old, antiquated affidavit, where some one decided that he was preparing an affidavit for a search warrant, and that he would incorporate everything in it known to the laws of Oklahoma that a defendant might be charged with in the manufacture, possession, sale, or in any way, handling anything that might be used in the manufacture or sale of intoxicating liquors. The reason we say this, the record shows that this affidavit was made on the 26th day of June, 1937, and the

people of this state amended the law defining intoxicating liquor as being liquors, compounds, or substitutes containing more than 3.2 per cent. alcohol by weight, Session Laws of 1933, chapter 153, p. 338, 37 Okla. St. Ann. §§ 1, 31, 82, 151 et seq. The affiant in this affidavit showed a want of knowledge of the law when he made the allegation against this defendant, charging him with possession of liquors, compounds, or substitutes containing more than one-half of one per cent. of alcohol.

As the party making the affidavit did not testify, there was no opportunity to test his knowledge of the truth of any of the statements in this affidavit; and, in fact, if he had testified, and followed the language of his affidavit, he would have been compelled to state that he had no personal knowledge whatever of any violation of the law by the defendant when he made the affidavit, as he gives as a basis of his making the affidavit "that said premises so described aforesaid bear the general reputation of being a place where intoxicating liquors, to wit: whisky, wine, beer, are had, possessed and kept and received for the purpose of sale and are sold." This statement shows conclusively that the affiant had no knowledge of the facts stated in that part of the affidavit, because he said it bears the reputation. He does not give a single fact to indicate or show what has happened to the defendant's home that would cause it to bear such a reputation.

The next statement in his affidavit, used as a basis for his complaint, is "that numerous persons whose true and correct names are to this affiant unknown have been seen to enter said premises in a sober condition, and later stagger forth from said place under the influence of intoxicating liquors." The affiant does not say that he saw the parties enter the premises of the defendant and come out in the condition he states in the affidavit; therefore, this statement is based upon rumor, if any he had, and information.

He says that numerous persons congregated and re-sorted to the premises at all hours of the day and night; but he does not say that he has seen these persons congre-gating there. In other words, all the way through this paragraph of the affidavit which he gives as a basis for his complaint, not one single statement is made by the affiant upon his personal knowledge.

He was a police officer of the city of Shawnee; and if the facts stated in this affidavit went on in his presence and he saw them, it was his duty to arrest them at that time.

The court must conclude from the language of the affidavit that the affiant made the affidavit for the search warrant of both lots, if there was a search warrant for the second lot, based on information and belief, or that the statements made in the affidavit by the affiant were made without knowledge that the facts stated by him were true; and it was made for the purpose of searching the premises without being placed in a position so that if he made a false statement, the aggrieved person could redress the wrong done him by having the affiant prose-cuted for perjury; but not so, where the affiant states mere naked belief.

We cannot understand why, if there was an affidavit for a search warrant, and the search warrant was issued to search the property where it is alleged the officers found the whisky, the state should refuse to produce the affi-davit for the search warrant when requested to do so by the defendant; and we cannot understand why the court did not require the prosecution to produce .the affidavit for the search warrant.

Judging from the affidavit in the record in this case now being considered, we must infer, if there was an affidavit filed to secure a search warrant to search the property where the officers claim they found the whisky,

that it was in the same form and contained the same allegations as in the case now being considered. The court is in serious doubt as to whether or not there was an affidavit filed for a search warrant to search the property where it is alleged the whisky was found by the officers.

The record in this case shows that the defendant was arrested, taken to jail on Saturday afternoon or evening, and at that time there was nothing on file showing that a search warrant had been issued; but there was an affidavit and search warrant filed on June 28, 1937.

In Baker v. State, 28 Okla. Cr. 408, 231 P. 320, on page 321, the court stated as follows:

"In every instance the affidavit should state some fact or facts showing probable cause, as a basis or foundation for an affiant's belief."

The court also set out in Baker v. State, supra, a form of affidavit which should be followed by any one to secure a search warrant to search the property of one suspected of violating the prohibition laws. With such an affidavit as set forth in Baker v. State, supra, if the facts, or any of the facts, stated therein are false, the aggrieved person can redress the wrong done him by having the affiant prosecuted for perjury; but not so where the affiant states a mere naked belief. One may believe and swear that he believes that a person is a thief, narcotics peddler, or counterfeiter without having any tangible reason for such belief; but unless facts are stated, the existence of sufficient reason for his belief would not be susceptible of proof. If a complaining witness is unable to state facts to support his belief, he should refrain from making the affidavit. If the rule were otherwise, it would permit the homes and privacy of numberless people to be invaded without affording a remedy, because the maker of an affidavit, which states only a belief that amounts to no more than a suspicion, cannot be prosecuted for perjury. In the very na-

ture of things, it is impossible to disprove what a man says he believes.

In Davis v. State, 65 Okla. Cr. 306, 86 P. 2d 65, this court, in the second paragraph of the syllabus, said:

"The finding of probable cause as well as the issuing of the search warrant is a judicial function, to be exercised by the magistrate alone upon the sufficiency of the facts stated in the affidavit, which should have the force and effect of evidence as distinguished from the mere conclusions of the affiant."

In Mullus v. State, 32 Okla. Cr. 134, 240 P. 135, this court, in the first paragraph of the syllabus, stated:

"A search warrant under the prohibitory liquor law may be lawfully issued only when based on affidavit stating facts and showing probable cause. Affidavits on information and belief or those alleging merely legal conclusions are insufficient."

In Garrett v. State, 40 Okla. Cr. 195, 267 P. 683, this court, in the first paragraph of the syllabus, stated:

"An affidavit for a search warrant, made upon information and belief, is insufficient, and evidence obtained on a search based on such affidavit should, on proper objection, be excluded." Davis v. State, 65 Okla. Cr. 306, 86 P. 2d 65, and authorities cited therein.

This court has so many times held that an affidavit for a search warrant made on information and belief was insufficient to base the issuance of a search warrant, that it is not deemed necessary to cite further authorities on that question.

The affidavit in this case clearly shows it was made upon information and belief of the affiant who made the affidavit, or that he made it without considering the statements he was making; shows conclusively that it is not sufficient under the law upon which to predicate the issuance of a search warrant, as the affidavit clearly shows it was made on information and belief. If there was an

affidavit and a second search warrant issued, this court from the record in this case cannot find by competent testimony that there was a second affidavit filed and a second search warrant issued to search the property adjoining the property on which the defendant resided.

Many questions are raised in this record, but it is not deemed necessary to consider them for the reasons herein stated, that there was no sufficient affidavit upon which to predicate the issuance of a search warrant.

The motion of the defendant to suppress the evidence on the ground that it was secured by illegal search and seizure was well taken, and the court erred in not sustaining the same.

There being no competent evidence to sustain the judgment, and for the reasons herein stated, the case is reversed, with directions to the trial court to dismiss the same.

DOYLE, P. J., and BAREFOOT, J., concur.