BILL WAGNER v. STATE.

No. A-9822. Sept. 10, 1941.

(117 P. 2d 162.)

394

Mac Q. Williamson, Atty. Gen., and Alvin C. Bruce, Co. Atty., of Ardmore, for the State.

Sigler & Jackson, of Ardmore, for defendant.

BAREFOOT, P. J. Defendant, Bill Wagner, was charged in the county court of Carter county with the crime of unlawful possession of intoxicating liquor, to wit: 3¾ pints of whisky, was tried, convicted and sentenced to pay a fine of $50 and serve 30 days in the county jail, and has appealed.

The error alleged for the reversal of this case is based upon the contention of the illegality of the search warrant and the refusal of the court to sustain a motion to suppress the evidence obtained thereunder. The affidavit as a basis for the issuance of the search warrant was as follows:

"Clarence Harris, Chief of Police, Ardmore, of lawful age, being duly sworn, on oath deposes and says: That in Carter County, State of Oklahoma, on the 1st day of July, 1939, the above named defendants Bill Wagner and John Doe, whose true name to this affiant is unknown, operate a business establishment and place of public resort, located at or on 219 North Caddo St. Ardmore, Oklahoma in a certain building described as follows Business establishment in Carter County, did, then and there un-

lawfully have in their possession and under their control and do now keep for the purpose of selling, bartering, giving away and otherwise furnishing certain intoxicating liquors described as follows, to-wit: Whisky, Beer and Wine and other compounds, the same being intoxicating, and which are capable of being used as a beverage, in violation of the law, contrary to the form of the Statutes in such cases made and provided against the peace and dignity of the State of Oklahoma.

"That said premises is (1) a Business establishment, and under the supervision and control of said defendants.

"Your affiant further states that various persons frequent said premises at all hours of the day and night and that persons have come from within and upon said premises in an intoxicated condition and with the odor of intoxicating liquor upon their breath; that said premises bears the reputation of being a place where intoxicating liquors may be purchased in violation of the Statutes of Oklahoma, and that the aforesaid defendants bear the reputation of being persons from whom intoxicating liquor may be purchased in violation of the Statutes of Oklahoma; and that various persons have congregated on said premises and engaged in disorderly conduct, making loud and boisterous noises, and that numerous fights and quarrels have occurred at said premises, while said premises have been under the control of defendants.

"Wherefore, Affiant asks and prays that a Search Warrant be issued according to law.
"(Signed)   Clarence Harris

"Subscribed and sworn to before me this 1st day of July, 1939.
"(Signed)   I. R. Mason
"Justice of the Peace

"(Seal)
"(1) Warehouse and storage room.
"Business establishment.
"Place of public resort."

The evidence reveals that a search warrant was issued, and that the original copy, which was signed by the magistrate, was taken by the officer and that this original was served upon the defendant, and that when the officer returned to the office of the justice of the peace he signed the copy after the search was made, and that the return of the officer was made upon this copy instead of the original search warrant, which was served upon and left with the defendant. The record further reveals that the copy of the search warrant was signed by the justice of the peace after the search was made. It is contended that this procedure was such as to void the search. It occurs to us that this is very technical. We find no reason why the original search warrant could not have been served on defendant as well as the copy. The fact that the justice of the peace placed his signature on the copy after the search was made, under the circumstances above stated, was an irregularity that was not material and was not one of which defendant may complain.

It is also contended that the search warrant was not executed by Clarence Harris, the chief of police of Ardmore, who made the affidavit and to whom the search warrant was issued. The evidence on the motion to suppress revealed that the chief of police had three search warrants. That the places to be searched were in close proximity to each other. That two of his policemen accompanied him, and when they got out of the car he handed the search warrant issued for defendant's place of business to one of his policemen for execution, and that presumably he went into one of the nearby places for the purpose of searching it. That the whisky was found in defendant's place by the policemen, and the chief of police came to defendant's place while the search was in progress, but after the identical liquor had been found. Under

this state of facts we think that the statute was fully complied with, as the search was being executed under the direct supervision of the chief of police who was personally present during part of the time that the search was made. This is also a very technical objection which does not in our opinion void the search.

It is finally contended that the affidavit is insufficient upon which to base the issuance of the warrant for the reason it does not state facts but mere conclusions, and did not justify the magistrate in making a finding of probable cause. It will be noted that the affidavit upon which the search warrant is based is not as full as might have been desired, but a careful examination of it reveals that it states sufficient facts to justify the issuance of the search warrant by the magistrate. The affidavit is made by Clarence Harris, chief of police of the city of Ardmore. It contains (a) the name, Bill Wagner, whose place of business is to be searched; (b) it states that he operates a business establishment and place of public resort; and (c) that it is located at 219 North Caddo street, Ardmore, Oklahoma. This fully identifies the defendant and definitely describes the place to be searched, and gives the court the information that it is a place of business and a place of public resort and affirmatively shows by these allegations that it was not the home or private residence of defendant. The affidavit then states that defendant had in his possession and under his control for the purpose of selling, bartering, giving away or otherwise furnishing certain intoxicating liquor, "to wit: Whisky, Beer and Wine and other compounds." This statement is positively made and is not made upon information and belief. While its terms are general and not specific, it does allege them as facts. The affidavit then states as a fact and not on information and belief, as have so many

search warrants that have been passed upon by this court and have been held illegal and void, that (a) various persons frequent said premises at all hours of the day and night; (b) that persons have come from within and upon said premises in an intoxicated condition; (c) with the odor of intoxicating liquor upon their breath; (d) that said premises bear the reputation of being a place where intoxicating liquor may be purchased in violation of the statutes of Oklahoma; (e) that various persons have congregated on said premises and engaged in disorderly conduct, making loud and boisterous noises; and (f) that numerous fights and quarrels have occurred at said premises while under the control of defendant. While the above statements are general in their nature and it might have been better that the party making the affidavit had said positively that this occurred in his presence, yet the statements are made and there is no expression or statement that they are made on information and belief. They are made by an officer who evidently came in contact with defendant and his place of business almost daily. He, no doubt, was well acquainted with the place of business of defendant and had the personal knowledge of his reputation in the city of Ardmore. For these reasons it does not seem reasonable to say that the affidavit filed as a basis for the search warrant in the instant case is based on information and belief and was therefore void.

The cases cited and relied upon by the defendant do not, in our opinion, warrant us under the facts in holding that the motion to suppress the evidence should have been sustained. The cases cited are: Wagner v. State, 68 Okla. Cr. 447, 99 P. 2d 161; Foster v. State, 27 Okla. Cr. 270, 226 P. 602; Baker v. State, 28 Okla. Cr. 408, 231 P. 320; Kirk v. State, 30 Okla. Cr. 198, 235 P. 624; Hancock v. State, 35 Okla. Cr. 96, 248 P. 1115; Anderson v. State,

45 Okla. Cr. 380, 283 P. 588. In the Foster, Baker, Kirk, Hancock and Anderson Cases it will be noted that in each of these cases the affidavit was made upon "information and belief," and these exact words are stated in the affidavit. These affidavits not only do not state the facts upon which they are based, but do not make positive statements of the facts, as has been pointed out in the instant case.

The Wagner Case was against this identical defendant. In that case the affidavit and search warrant were introduced in evidence and not upon the motion to suppress the evidence, as in the case at bar. The court held that the admission of the affidavit and search warrant as evidence was prejudicial error. This case also reveals that the affidavit in that case recited:

"That he, the said O. M. Holden suspects that said property is concealed in 219 A Street NE, One Store tin building, used as a restaurant in Ardmore, Oklahoma." [68 Okla. Cr. 447, 99 P. 2d 162.]

No such statement appears here. The affidavit was in positive terms.

Defendant could have cited three cases which have been decided by this court which are more nearly in point to sustain the contention made in this case. We desire to briefly discuss these cases because they are being continually cited in appeals to this court. They are: Davis v. State, 65 Okla. Cr. 306, 86 P. 2d 65; Bohannon v. State, 66 Okla. Cr. 190, 90 P. 2d 675; Skelton v. State, 67 Okla. Cr. 215, 93 P. 2d 543. The conclusion reached in some of these cases may have been correct from a review of the record as a whole, but some of the statements and reasons given therefor are not in accord with our views at this time and are not supported by the facts or authorities cited therein.

The Davis Case, while not specifically overruled by mentioning the same, has in fact been overruled by later decisions of this court. In the case of Hays v. State, 71 Okla. Cr. 62, 108 P. 2d 186, 187, in an opinion by Judge Jones, it is stated:

"It is contended by the defendant that the affidavit was made on information and belief. Such statement is unquestionably correct as applied to the first paragraph in which are set forth the ultimate facts, the present and existing guilt of the defendant and the situation which the affiant believes to exist and to be revealed upon the issuance of a search warrant and the making of the search. The remainder of the affidavit, however, is not made upon information and belief. It is a positive statement under oath of the facts which constitute the basis of the conclusions stated in the first paragraph. It is entirely distinct from the first paragraph, and its allegations are not limited by any reference to the information and belief."

This is the exact situation in the instant case. See, also, Key v. State, 69 Okla. Cr. 71, 100 P. 2d 291; Pitzer v. State, 69 Okla. Cr. 363, 103 P. 2d 109; Hays v. State, 71 Okla. Cr. 62, 108 P. 2d 187; Peters v. State, 71 Okla. Cr. 175, 110 P. 2d 300.

In the Davis Case, supra, the first paragraph of the affidavit for the search warrant was made upon information and belief as expressed therein, but the second paragraph, as will be noted from a reading thereof, is a positive statement under oath of the facts which constitute the basis of the conclusions stated in the first paragraph. The argument that the positive statements in the second paragraph of the affidavit should be limited by the words used in the preliminary paragraph does not appeal to us as being sound. We reassert that the affidavit to procure a search warrant should be positive in its terms and should state the facts within the personal knowledge of

the party making the affidavit and the facts should be stated therein, but when they are positively stated they should be so considered. The affidavit in the Davis Case positively stated: (a) That the premises described was a place of public resort; (b) that people were seen going to and from said premises at all hours of the day and night in an intoxicated and semi-intoxicated condition; (c) that people gather at said place and premises and while there become intoxicated; (d) that said place and premises is a place where large quantities of whisky and other intoxicating liquors, the exact description of which is to your affiant unknown, are possessed, kept and stored for the purpose of sale in violation of the prohibitory liquor laws of the state of Oklahoma; (e) that the said Freeman Davis has a reputation throughout the community in which he lives for being a bootlegger of whisky and intoxicants; (f) that the place and premises above described is generally known to be a place where whisky and other intoxicants can be purchased by the general public. This affidavit was made in positive terms by the county attorney. We see no reason why one making it could not be held responsible the same as if he had made any other positive statement of facts. The mere fact that the first paragraph of the affidavit states [65 Okla. Cr. 306, 86 P. 2d 66], "I have reasonable grounds to believe and do believe that Freeman Davis has in his possession large quantities of whisky, intoxicating liquor, * * * at, in and upon the premises occupied by the said" Freeman Davis, should not require an interpretation limiting the second paragraph which is positive in its terms and brings it clearly within the statute. It is simply a statement of facts upon which the information and belief of the county attorney is based. That part of the opinion in the Davis Case which says, "A reading of the affidavit for the purpose of procuring a

search warrant shows clearly upon its face that the affidavit is made on information and belief and not upon any knowledge of the county attorney making the affidavit," cannot be approved. As we now view the facts in this case and the law announced in the later cases, we are of the opinion that they were sufficient to cause the magistrate to find "probable cause for believing" that the facts stated therein were true and justified the issuance of a search warrant based upon the affidavit. We think this position is supported by the case of Baker v. State, 28 Okla. Cr. 408, 231 P. 320, cited in the Davis Case and by many other cases from this court. Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135; McHenry v. State, 61 Okla. Cr. 450, 69 P. 2d 90.

There are other arguments and statements in the Davis Case with which we are not in accord. Our position is as stated in the case of McHenry v. State, 61 Okla. Cr. 450, 69 P. 2d 90. In this case the affidavit said:

"Comes now Nels Nelson, of lawful age, who being first sworn, upon his oath deposes and says: That intoxicating liquors are being sold, bartered, given away and otherwise furnished; and are being kept for the purpose of selling, bartering, giving away and otherwise furnishing in violation of the laws of the State of Oklahoma, by certain persons to wit; one Paul McHenry in certain buildings, to wit; the buildings, houses, barns, caves, silos, and other appurtenances thereunto belonging, located on the South half of the Northeast Quarter of Section Three, Township 27, Range 14, in Woods County, State of Oklahoma; the same being in part a private residence and that which is a private residence the same is a place of public resort.

"That said complaint and affidavit is made for and on account of the following, to wit:

"That affiant is personally acquainted with the above described premises; that numerous persons are seen to go to said premises in a sober condition and to leave in an intoxicated condition; that numerous automobiles are seen

to go to and from said premises at all hours of the day and night, the occupants of which are persons who are known to indulge excessively in the use of intoxicating liquors; that affiant personally knows of his own knowledge that whisky is now at this time, stored on said premises and is there being kept for sale, contrary to the laws of this state and affiant further states that said Paul McHenry has been prior hereto, convicted of violating the prohibitory laws of this state."

And in the body of the opinion it is stated:

"A careful reading of these cases reveals that they are very different from the facts in the instant case. In those cases the affidavit is made upon information and belief. In the instant case the affidavit of the officer is not only positive,, but it states the facts upon which his affidavit is based. It is not mere conclusions, as stated in defendant's brief, but the evidence of this officer shows that he had obtained direct information that the law was being violated in the most flagrant manner by the defendant, before he made the affidavit to secure the warrant for the purpose of searching defendant's premises. The case of Baker v. State, supra, cited by defendant, sets out a form as to what a search warrant should contain. The above search warrant complies with this form in a very substantial manner. We think the officers are to be commended for the precaution they took in protecting the rights of the defendant in this case before they made an affidavit for the search warrant. They knew the defendant's previous record. They procured information that would satisfy any court that this defendant was violating the sanctity of his home and fireside by using it as a place of public resort, where people could come and purchase from him intoxicating liquors in violation of law. This court has gone a long way in upholding the privacy and sacredness of the home. It has even stood the storm of criticism by partisans who believe that every sacred right of the individual to be secure in his home from illegal search and seizure, under the State and Federal Constitutions, should be wiped out of existence, where the liquor laws are

involved. But following the decisions of the Supreme Court of the United States in construing the Federal Constitution, which is very much the same as the Oklahoma Constitution, this court, before I assumed my duties as a member thereof, has strictly adhered to the doctrine that the rights guaranteed to the citizen under the Constitution were far more sacred than the punishment of a few individual bootleggers."

While we have strictly construed the terms of the statute as applied to search warrants, we are of the opinion that there should not be a technical construction of the statute which would defeat the ends of justice and permit the guilty to escape through technicalities.

The case of Bohannon v. State, supra, is the same as the Davis Case. The affidavit for the search warrant is set out in that case and will not here be quoted. It states in positive terms that Elvia Parks, or person unknown to affiant (who was evidently defendant), (a) has in her or their possession and is now using a certain 1936 Tudor Chevrolet automobile, Oklahoma tag number 347—039, (b) to unlawfully transport alcoholic liquors from some place in the State of Oklahoma to another place therein, (c) that for a period of two weeks he has watched this automobile coming and going to and from certain houses or buildings (d) where it is known to your affiant that wine, whisky and beer are being sold, given away, or otherwise disposed of, (e) that your affiant has seen what appears to be bottles or cases being taken from above mentioned automobile and left in these houses or buildings. If this affidavit does not state positive facts, then we would not know how to write one. It could, of course, have stated more facts, but certainly there was sufficient to create "probable cause for believing" that the above described and numbered automobile was being used for the purpose of conveying intoxicating liquor in violation of the laws of

this state and would justify the magistrate in issuing a search warrant for the purpose of searching the same upon the filing of such affidavit. It is certainly not necessary that the terms of the affidavit should be construed in the same light as are the terms of an indictment or information filed in a court of record. The argument in this case that the affidavit did not state that the liquors alleged to be in the possession of the parties "are capable of being used as a beverage" and that the affidavit did not state what point in the State of Oklahoma it was alleged Elvia Parks or persons unknown to the affiant started from to transport the whisky or to what point it was being transported are best answered by the terms of the affidavit itself. It states, "that wine, whisky and beer" are being sold, given away or otherwise disposed of, and after the description of the property it states, "to unlawfully transport alcoholic liquors from some place in the State of Oklahoma to another place therein." Certainly these terms were sufficient to express the fact that the liquors which were intended to be transported were capable of being used as a beverage under the decisions of this court, Phelps v. State, 36 Okla. Cr. 213, 253 P. 910, and that when it was alleged "to unlawfully transport alcoholic liquors from some place in the State of Oklahoma to another place therein," it meant what it said. As above stated, it might have been necessary in the indictment or information to allege the identical place or that it was unknown, but certainly this was not necessary in the affidavit for the issuance of the search warrant for the very good reason it might have been impossible for the person making the affidavit to have stated positively where the liquor was being transported, for the reason it was unknown.

The same argument applies to the Skelton Case, supra. The conclusion reached in that case may have been right,

but when the court quotes from the affidavit as follows [67 Okla. Cr. 215, 93 P. 2d 545]:

" 'That said premises so described aforesaid bear the general reputation of being a place where intoxicating liquors, to wit: whisky, wine, beer, are had, possessed and kept and received for the purpose of sale and are sold," and then says: "This statement shows conclusively that the affiant had no knowledge of the facts stated in that part of the affidavit, because he said it bears the reputation. He does not give a single fact to indicate or show what has happened to the defendant's home that would cause it to bear such a reputation," the court then says: "The next statement in his affidavit, used as a basis for his complaint, is 'that numerous persons whose true and correct names are to this affiant unknown have been seen to enter said premises in a sober condition and later stagger forth from said place under the influence of intoxicating liquors.' "

The inference is that this last allegation was true and had been seen by affiant or the statement would not have been made. While we think it is best that facts be stated, as heretofore suggested, we do think that an officer who is personally familiar with the premises described and knows the reputation thereof has the right to state it in the affidavit, and when it is sworn to positively, the magistrate has the right to issue the warrant based upon such positive affidavit.

If a public officer makes a sworn affidavit that a place which is particularly described and the name of the owner of the place of business or of the residence is a place of public resort and that intoxicating liquor is stored on said premises and that liquor is being sold on said premises in violation of law, and that people congregate at said described place for the purpose of drinking and consuming liquors or purchasing the same in violation of law, and that the premises have the reputation of being such a place

as above outlined, and that the named party has the reputation in the community in which he resides as being a person who deals in the unlawful sale of intoxicating liquor, we cannot see why it would be error for the magistrate to issue the search warrant upon the filing of such positive affidavit by the officer. We fail to see how it can be argued that these statements are made upon information and belief because in the first paragraph of the affidavit it is stated that the party making the same "has reason to believe and does believe." The very facts which he states in the subsequent paragraph are such that give him the right to so believe. If these statements are untrue, he may be held accountable in the manner provided by law. In other words, a search warrant based upon a positive affidavit by one who knows the facts and by reason of his position and experience has a right to know the facts should not be set aside and held illegal upon a mere technicality and surmise that he does not know the facts which he states in the affidavit as true. This court has often held that where the statement made in the affidavit for search warrant is positive in its terms, one will not be permitted in the trial of the case to contest the truth of its terms.

In the case of Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366, 368, it is said:

"This court has always been zealous to guard the constitutional rights of the citizens of this state in the protection of their homes and property from unreasonable search and seizure. This right is guaranteed by the Bill of Rights and Constitution of this State, Okla. St. Ann. art. 2, § 30, and the United States, Const. Amend. 4.

"The following citations are a few of the decisions of this court exemplifying this position: Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135; McHenry v. State, 61 Okla. Cr. 450,

69 P. 2d 90; Skelton v. State [67 Okla. Cr. 215], 93 P. 2d 543. But at the same time we do not believe that a narrow, technical construction should be placed upon these sacred provisions of the Constitution which were adopted to protect the rights of the good citizens of this state, so as to shield the citizen who has so far forgot his citizenship to attempt to use his home or his property for the purpose of using it to violate the laws of his country. Handley v. State, 65 Okla. Cr. 268, 85 P. 2d 436; Willard v. State, 66 Okla. Cr. 344, 92 P. 2d 600; Denton v. State, 62 Okla. Cr. 8, 70 P. 2d 135; Newton v. State, 61 Okla. Cr. 237, 71 P. 2d 122; Rickman v. State, 70 Okla. Cr. 355, 106 P. 280.

"The statement heretofore referred to in the opinion with reference to the automobile's use for the purpose of escaping detection of crime is highly applicable to the violation of the liquor laws of this state, and while proper protection of the rights of the citizen of this state who is not a violator of the law is proper and just, we can see no valid reason why this court should resort to hair-splitting distinctions and technicalities in protecting the violator of the law who openly and notoriously uses his property, and especially his automobile, for a violation of the law of the land. We do not think that because an officer of the law walks toward the parked automobile of a defendant, that he thereby commits an unlawful act, and that when he arrives there he sees with his own eyes a violation of the law in his very presence, that he does not have the right to arrest the party whom he sees violating the law, and after such arrest, search the person and property of the defendant. To so hold, in our opinion, is throwing a cloak of protection around the defendant who violates the law to which he is not entitled."

See, also, Morris v. State, 66 Okla. Cr. 358, 92 P. 2d 603; Morris v. State, 66 Okla. Cr. 384, 92 P. 2d 609; Young v. State, 71 Okla. Cr. 112, 108 P. 2d 1028.

We are in perfect harmony with the law and statement that a search warrant based upon an affidavit or complaint made on information and belief and without

stating facts showing probable cause is illegal, but each search warrant and the affidavit or complaint upon which it is based is to be judged upon its own merits and contents, and where the affidavit or complaint states positive facts and by a person who, by reason of his position or experience, has a right to know that those facts exist, the warrant should not be set aside under these conditions, upon the ground that the facts stated therein were made upon information and belief. In other words, each search warrant and each affidavit or complaint should be judged upon its own merits, and the court should pass upon the merits of the same either before the trial on a motion to suppress the evidence obtained thereon, which is the best practice, or when the matter is properly raised during the trial of the case. In the three cases above referred to the statements of the law with reference to search warrants are proper, but the trouble is the application of the facts in each of those cases to the principles of law announced. After a careful examination of these cases, we are of the opinion that the facts stated therein were sufficient to authorize the magistrate to issue the search warrant, and insofar as the statements made in those cases are contrary to the principle here announced, they are overruled as not being in accord with the opinion of this court at this time.

The judgment of the county court of Carter county is therefore affirmed.

JONES, J., concurs.    DOYLE, J., absent.